Filed 2/24/14  In re D.M. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.M., Jr. et al., Persons Coming Under the Juvenile Court Law. | B248514 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK96961) |
| Plaintiff and Respondent, | |
| v. | |
| E.S., | |
| Defendant and Appellant. | |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Rudolph Diaz, Judge.  Affirmed.

Kate M. Chandler, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, John C. Savittieri, Deputy County Counsel, for Plaintiff and Respondent.

E.S. (mother) appeals from the dependency court's judgment of February 21, 2013, declaring D.M., Jr., (D.) and K.M. (K.) (together, the children) dependents of the court under Welfare and Institutions Code section 360.[1] She contends substantial evidence does not support the sustained allegations her male companion's domestic violence created a risk of harm to the children or the order removing the children from her custody. We affirm.

## STATEMENT OF FACTS AND PROCEDURE

D. was born in 2007 and K. was born in 2011 to mother and D.M., Sr. (father),[2] who lived together. When parents separated in May 2012, the children lived with mother. Mother had a history of falling out with people and being unable to manage her anger.

On September 20, 2012, mother accused her male boyfriend, Anthony W., of infidelity. They argued, and Anthony became so upset by the things mother said to him that he punched her numerous times in the face, neck, and head with his closed fist. The children were not present. Mother suffered injuries and was treated at the hospital. She stated Anthony must have hit her "at least 100 times." She stated that, on a previous occasion, Anthony had " 'grabbed [her] around the neck,' " but she denied a history of domestic violence, and she characterized the punching incident as " 'playing.' " She said Anthony had never abused her before. Anthony owned a gun. D. had seen Anthony fighting with mother.

On September 22, 2012, mother was involved in a verbal altercation with her landlord in her children's presence. Mother was hysterical. After the police responded to the home three times, mother was arrested on an outstanding warrant for failing to complete a mandated anger management program. The police released the children to father.

---

[1]    All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]    The court found father to be the children's presumed father.

The Department of Children and Family Services (Department) offered mother voluntary services, including a psychiatric evaluation, parenting classes, individual therapy, and anger management classes. Mother failed to participate in the services. The Department concluded mother's emotional instability seriously impaired her ability to provide the children with adequate care and protection.

On December 11, 2012, after mother declined to agree to a voluntary case plan, the children were detained from her custody. They remained in father's custody. Mother was discharged from the transitional housing program where she resided because she failed to report medications she was taking and refused to participate in a substance abuse treatment program.

On December 14, 2012, at the detention hearing, the court ordered the Department to provide a report addressing termination of dependency court jurisdiction with a family law order. Mother was present at the hearing and was granted monitored visitation. The court ordered her to return to court for the next hearing and keep the Department informed of her current address and telephone number.

On December 28, 2012, mother went to New York to be with family following the death of her grandmother, without advising the Department of her plan or providing current contact information. She did not inform father when she would return. Mother called father's home to speak to the children twice in mid-January 2013.

Father wanted to be granted sole physical custody of the children, as mother was in New York and he did not know when she would return. The social worker did not know how to reach mother to obtain an interview for the report for the upcoming jurisdiction/disposition hearing or when mother would return to California. The Department recommended the petition be sustained with a family law order granting sole physical and joint legal custody to father.

3

On February 21, 2013, the children were declared dependents of the court based on sustained allegations under section 300, subdivisions (a) and (b) that the children suffered, or were at substantial risk of suffering, serious physical harm inflicted nonaccidentally by the parent or guardian and as a result of the parent's failure or inability to supervise or protect adequately, in that:  on September 20, 2012, mother and Anthony engaged in a violent altercation in which Anthony repeatedly struck mother with his fists, inflicting swelling and bruising to her face; and this violent conduct endangers the children and places them at risk of harm. Mother was not present at the hearing.  The court stated:  "[T]here's more than one incident of violence even though the more egregious was the one where [Anthony] hit her about a hundred times.  Of course, mother's interpretation of the incident was that it was playing.  And I note also she had no contact with the children, apparently."

The children were removed from mother's custody and placed in home-of-parent father.  The court terminated dependency jurisdiction with a custody order, to be filed in family court, giving physical custody to father, joint legal custody to parents, and reasonable visits to mother as arranged by the parties.

## DISCUSSION

*Substantial evidence.*

Mother contends the evidence is not sufficient to support the sustained allegations or the removal order.

In determining whether a finding or order is supported by substantial evidence, "we look to see if substantial evidence, contradicted or uncontradicted, supports [it].  [Citation.]  In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court.  [Citation.]"  (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) "We do not reweigh the evidence or exercise independent judgment, but merely

4

determine if there are sufficient facts to support the findings of the trial court." (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.) Thus, the pertinent inquiry is whether substantial evidence supports the finding, not whether a contrary finding might have been made. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

      1. *The jurisdictional findings*.

        a. *Section 300, subdivision (b)*

Mother contends substantial evidence does not support jurisdiction under section 300, subdivision (b). We disagree with the contention.

Section 300, subdivision (b), in pertinent part, describes a child who "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child." "While evidence of past conduct may be probative of current conditions, the question under section 300 is whether circumstances *at the time of the hearing* subject the minor to the defined risk of harm." (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 824.) "[S]ection 300 does not require that a child actually be abused or neglected before the juvenile court can assume jurisdiction. [Section 300, subdivision (b)] require[s] only a 'substantial risk' that the child will be abused or neglected. The legislatively declared purpose of [section 300] 'is to provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children *who are at risk of that harm*.' (§ 300.2, italics added.) 'The court need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child.' [Citation.]" (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

"[T]he court may . . . consider past events when determining whether a child presently needs the juvenile court's protection. . . . A parent's past conduct is a good predictor of future behavior. [Citation.] 'Facts supporting allegations that a child is one described by section 300 are cumulative.' [Citation.] Thus, the court 'must consider all the circumstances affecting the child, wherever they occur.' [Citation.]" (*In re T.V.* (2013) 217 Cal.App.4th 126, 133.) Even though the child was not physically harmed by the domestic violence, "[a] cycle of violence [involving the parent] constitute[s] a failure to protect [the child] 'from the substantial risk of encountering the violence and suffering serious physical harm or illness from it.' [Citations.]" (*Id.*, at p. 135.)

" '[S]pousal abuse is detrimental to children.' [Citations.] . . . '[V]iolence by one parent against another harms children even if they do not witness it.' [Citation.] '[C]hildren of these relationships appear more likely to experience physical harm from both parents than children of relationships without woman abuse. . . . [C]hildren of abusive fathers are likely to be physically abused themselves.' " (*In re Sylvia R.* (1997) 55 Cal.App.4th 559, 562.) "Exposing children to recurring domestic violence may be sufficient to establish jurisdiction under section 300, subdivision (b)." (*In re T.V.*, *supra*, 217 Cal.App.4th at p. 134.)

Substantial evidence supports the finding. The record contains evidence of recurring domestic violence involving mother. She described domestic violence that occurred on two separate occasions: on one occasion, she was grabbed by the neck; and on a subsequent occasion, she was punched multiple times in the face. The perpetrator was dangerous: he pummeled mother numerous times with his closed fists; and he possessed a gun. By minimizing the abuse, calling it " 'playing' " and denying there was domestic violence in her relationship with Anthony, mother refused to acknowledge the risk the children would be exposed to domestic violence and harmed thereby. She resisted participating in the treatment she needed to insure she would avoid relationships of domestic violence in the future and would know how to protect the children from domestic violence.

6

Mother's denial, minimization, and resistance to treatment is evidence mother was and will continue to be incapable of protecting the children from a risk of domestic violence. It is reasonable to infer from the previous order requiring her to receive treatment for anger, and her escalating, out-of-control altercations with both boyfriend and landlady, that mother was prone to become angry with people in her life and to engage in escalating confrontations that may result in physical harm. The foregoing is substantial evidence that there is a substantial risk, under section 300, subdivision (b), the children will encounter domestic violence and suffer serious physical harm as a result, by reason of mother's failure and inability to protect them.

Mother reargues the evidence and asks us to reweigh it. This we will not do. Our role is to determine whether substantial evidence supports the finding. In this case, ample substantial evidence supports the finding.

  b. *Section 300, subdivision (a)*

Mother contends substantial evidence does not support the sustained allegation under section 300, subdivision (a).[3] The Department contends we do not need to decide the contention, as the judgment is supported on a separate ground. We conclude we need not address mother's contention.

When one jurisdictional finding has been found to be supported by the evidence, an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings. (See *In re I.J., supra,* 56 Cal.4th at p. 773; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 ["When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for

---

[3] Section 300, subdivision (a) describes a child who "has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian."

7

jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence"].)

As we conclude substantial evidence supports the finding under section 300, subdivision (b), and mother does not identify any consequence to her from the challenged finding under section 300, subdivision (a), we decline to review whether section 300, subdivision (a) constitutes an additional ground for jurisdiction.

2. *Removal order.*

Mother contends substantial evidence does not support the dispositional order removing the children from her custody. We disagree with the contention.

" 'The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion. [Citations.] The court's determination in this regard will not be reversed absent a clear abuse of discretion.' [Citation.]" (*In re Corrine W.* (2009) 45 Cal.4th 522, 532.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citations.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.) "[W]hen a court has made a custody determination in a dependency proceeding, ' "a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations]." ' [Citations.]" (*Id.* at p. 318.) Where substantial evidence supports the order, there is no abuse of discretion. (*In re Daniel C.H.* (1990) 220 Cal.App.3d 814, 839.)

8

Section 361 provides in pertinent part: "(c) A dependent child may not be taken from the physical custody of his or her parent[] . . . with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence[:] . . . [¶] (1) There is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody." " 'A removal order is proper if it is based on proof of parental inability to provide proper care for the minor and proof of a potential detriment to the minor if he or she remains with the parent. [Citation.] The parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate. The focus of the statute is on averting harm to the child. [Citation.]' [Citation.]" (*In re Miguel C.* (2011) 198 Cal.App.4th 965, 969.) "The jurisdictional findings are prima facie evidence the minor cannot safely remain in the home. . . . The focus of the statute is on averting harm to the child." (*In re T.V.*, *supra*, 217 Cal.App.4th at pp. 135-136.)

There was evidence mother was involved in a relationship of recurring domestic abuse with a violent male companion, causing physical injury. Mother was prone to engage in escalating confrontations. She denied and minimized the abuse, resisted treatment, and was not rehabilitated. This is substantial evidence supporting the finding the children are at substantial risk in mother's custody and there are no reasonable alternative means to protect them without removing them from her custody. (§ 361, subd. (c).) The dependency court's decision to remove the children from mother's custody was not an abuse of discretion.

## DISPOSITION

The judgment and orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:


CROSKEY, J.


KITCHING, J.