Filed 3/19/14  In re D.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.A., a Person Coming Under the Juvenile Court Law. | H040052 (Santa Cruz County Super. Ct. No. DP002759) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.A., <br><br> Defendant and Appellant. | |

Appellant M.A. is the father of D.A., the girl who is the subject of this dependency proceeding.  Appellant appeals from the juvenile court's jurisdictional and dispositional orders, making the following arguments:  there was insufficient evidence to support the dependency petition's allegation regarding his substance abuse, the juvenile court erred in requiring him to submit to substance abuse assessment and testing as part of his case plan, and the juvenile court erred in ordering D.A. removed from his physical custody.  As set forth below, we will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 23, 2013, the Santa Cruz County Human Services Department (hereafter "the Department") filed a dependency petition pursuant to Welfare and Institutions Code section 300, subdivision (b). There were four allegations in the petition, all of which alleged that 9-year-old D.A. was in danger of physical and emotional harm. Paragraph b-1 alleged that appellant repeatedly beat D.A.'s mother, L.G. (hereafter "mother"), in D.A.'s presence, and that appellant threatened D.A. on an occasion when D.A. tried to stop the violence. Paragraph b-2 alleged that mother had a history of neglecting D.A. "due to . . . chronic substance abuse." Paragraph b-3 alleged that appellant had a "pattern of poor impulse control, violent conduct and substance abuse." Paragraph b-4 alleged that mother "minimize[d] the abuse in the home and has failed to take measures to protect [D.A.] from the repeated exposure to domestic violence." The Department's jurisdiction/disposition report recommended that the juvenile court assert jurisdiction, place D.A. in out-of-home care, and order family reunification services.

On July 12, 2013, the juvenile court held a contested jurisdiction and disposition hearing. At the hearing, the juvenile court admitted the jurisdiction/disposition report and an addendum to that report into evidence.

The jurisdiction/disposition report stated that mother tested positive for marijuana when she gave birth to D.A. in October 2003. The report noted that mother abused prescription drugs between 2003 and 2013.

The jurisdiction/disposition report stated that appellant engaged in a confrontation at D.A.'s school in November 2012. Appellant was angry that D.A. had been removed from an afterschool program, and he yelled at a teacher in the presence of students. He also yelled at the school principal and threatened her. He shouted obscenities in the school's hallway and parking lot. His conduct resulted in a lockdown of the school, and the school superintendent ordered him to stay away from the school for 14 days.

2

Appellant later telephoned the principal and left a message stating that "she would pay for this."

The jurisdiction/disposition report described another incident at D.A.'s school that occurred on May 21, 2013. During this incident, appellant approached a student and confronted her about her actions toward D.A. Appellant's conduct made the student feel afraid. The school superintendent determined that appellant's conduct "disrupted the orderly operation of" the school and was likely to cause "negative emotional trauma on the part of the student." Pursuant to Penal Code section 626.4, the superintendent ordered appellant to stay away from the school and to refrain from communicating with school personnel and students.

The jurisdiction/disposition report stated that D.A. spoke with the school principal and police officers after the incident on May 21, 2013. D.A. described a long history of domestic violence between appellant and mother. She explained that the violence occurred "all the time" and had been happening "since [she] was little." She noted that appellant gets very angry, and that appellant hits mother because of her addiction to pills.

D.A. told the principal and police officers that appellant beat mother on May 18, 2013. During the incident, D.A. was at the family home with appellant and mother. D.A. heard mother scream, and D.A. ran into the kitchen to check on mother. Mother was crying, and D.A. saw that mother's face was swollen. It appeared that appellant had struck mother in the face. The day after the beating, mother told D.A., "[O]ne day he is going to kill me." Police officers spoke with mother on May 21, 2013, and they observed bruising on mother's cheek and shin.

D.A. also told the principal and police officers about an incident that occurred in December 2012. During that incident, appellant and mother argued at home, and appellant tried to put a rope around mother's neck. Mother tried to get away, but appellant placed the rope over mother's forehead. It appeared that appellant was

3

attempting to hang mother. D.A. hit appellant in order to stop him. Appellant told D.A., "If you hit me again, that is the last thing you will ever do." D.A. told the principal and the police officers that appellant's threat made her feel afraid. She also told the principal and the police officers that she feared appellant might hurt her.

The jurisdiction/disposition report described appellant's history of drug-related and alcohol-related convictions and arrests. He was convicted of possession of a controlled substance and being under the influence of a controlled substance in 1987. In 1988 and 1998, he was again convicted of being under the influence of a controlled substance. He was arrested for being under the influence of a controlled substance in 1997 and 1999. In 2011, he was arrested for driving under the influence of alcohol, a breath test at the hospital following the arrest showed that he had a blood-alcohol content of .08 percent, and the arrest resulted in a plea of nolo contendere to the crime of reckless driving.

The addendum to the jurisdiction/disposition report stated that appellant had engaged in "pharmacological attempts at pain management." It also stated that appellant engaged in "continued use of marijuana after its use was no longer medically supported."

Mother testified at the hearing. She explained that she and appellant were married, that they were still a couple, and that they were "working to get [their] family back together." Mother attended Narcotics Anonymous meetings, and she was willing to participate in outpatient treatment for her substance abuse. She moved out of the family home before the hearing, and she explained that she would not return to the family home until she became stable in her sobriety. She admitted that appellant hit her in the face, but she denied that appellant had tried to place a noose around her neck. She testified that it was her fault that the family was engaged in dependency proceedings, and that she wanted the juvenile court to place D.A. with appellant in the family home.

4

Appellant also testified at the hearing. He testified that he and mother had a "tumultuous" relationship and "always" fought about mother's substance abuse. He admitted that he had pushed mother, but he denied that he had ever hit mother. Appellant explained, "I have like zero domestic violence on my record." He also explained, "I really don't get angry that easy."

Appellant testified that he took prescription pain killers due to a medical condition. He testified that mother had previously accessed his medications, and that he currently locked up his medications so that mother could not access them.

At the conclusion of the hearing, the juvenile court found that all of the allegations in the dependency petition were true. It accordingly sustained the dependency petition and asserted jurisdiction over D.A. It ordered D.A. to be removed from the physical custody of her parents, granted appellant and mother reunification services, and scheduled a six-month review hearing. As part of the dispositional order, the juvenile court adopted the Department's recommended case plan, which included terms requiring appellant to complete a drug and alcohol assessment and to participate in drug and alcohol testing upon reasonable suspicion.

Appellant filed a timely notice of appeal. This appeal followed.

## DISCUSSION

### I. The Dependency Petition's Allegation Regarding Appellant's Substance Abuse

Allegation b-3 of the dependency petition alleged that appellant had a "pattern of poor impulse control, violent conduct and substance abuse" that impacted his ability to care for D.A. Appellant contends that we must reverse the juvenile court's true finding on the substance abuse component of allegation b-3, arguing that there was no evidence that his drug or alcohol consumption affected his ability to care for D.A. Appellant has failed to make an argument that warrants our consideration.

5

"When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence.  In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence."  (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)  An "appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence."  (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.)  An appellate court will not consider an issue raised by a father if the appellate court "cannot render any relief to Father that would have a practical, tangible impact on his position in the dependency proceeding."  (*Ibid.*)

Here, appellant concedes that allegations b-1, b-2, and b-4 of the dependency petition were supported by substantial evidence, and that the juvenile court properly asserted jurisdiction over D.A. based on those allegations.  Thus, even if we were to conclude that insufficient evidence supported allegation b-3, we would still affirm the juvenile court's jurisdictional order. (*In re Alexis E., supra,* 171 Cal.App.4th at p. 451.)  Moreover, our reversal of the true finding regarding appellant's substance abuse would have no impact on any other aspect of the dependency proceeding.  Contrary to appellant's assertion, reversal of the true finding would not require us to strike the substance abuse terms from his case plan. (See *In re Christopher H*. (1996) 50 Cal.App.4th 1001, 1006 [dispositional order requiring father to submit to drug and alcohol testing was proper, even though dependency petition's allegation regarding substance abuse was not proven].)  Although appellant asserts that the true finding regarding his substance abuse has the "potential to infect future proceedings," he fails to identify any future consequences of the finding.  (See *In re I.A., supra,* 201 Cal.App.4th

6

at pp.1494-1495 [where father argued jurisdictional finding "might have some consequence in a future dependency or family law proceeding," but failed to suggest any way in which the finding could actually affect a future proceeding, appellate court refused to review sufficiency of evidence supporting finding].) Accordingly, because we cannot render any effective relief, we will not consider appellant's argument regarding the substance abuse component of allegation b-3. (See *id.* at pp. 1487-1488 ["Because Father's contentions, even if accepted, would not justify a reversal of the court's jurisdictional ruling or the grant of any other effective relief, we decline to address them . . . ."].)

## II. *Substance Abuse Terms in Appellant's Case Plan*

A term of appellant's case plan requires him to complete "a drug and alcohol assessment." Another term of appellant's case plan requires him to "participate in drug and alcohol testing" upon "reasonable suspicion." Appellant asserts that the juvenile court erred in ordering him to comply with the foregoing terms because there was no showing that his drug and alcohol consumption "impacted his ability to care for D.A." He accordingly requests that we strike the terms from his case plan. We find no error and will not strike the terms.

"At the dispositional hearing, the juvenile court must order child welfare services for the minor and the minor's parents to facilitate reunification of the family." (*In re Christopher H., supra,* 50 Cal.App.4th at p. 1006, citing Welf. and Inst. Code, § 361.5, subd. (a) ["whenever a child is removed from a parent's . . . custody, the juvenile court shall order the social worker to provide child welfare services" to the child and the parents].) The juvenile court "has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accord with this discretion." (*In re Christopher H., supra,* 50 Cal.App.4th at p. 1006.) "We cannot

7

reverse the [juvenile] court's determination in this regard absent a clear abuse of discretion." (*Ibid.*)

"Our courts have recognized that severe measures are necessary to prevent drug usage from undermining the prospect of the successful reunification of families." (*In re Neil D.* (2007) 155 Cal.App.4th 219, 225.) Where the record demonstrates that a father has a substance abuse problem, a dispositional order requiring drug and alcohol testing is proper. (*In re Christopher H., supra,* 50 Cal.App.4th at pp. 1007-1008.) Such an order is appropriate even if a dependency petition allegation regarding substance abuse has not been proven and the substance abuse has "not yet affected [the father's] ability to care for" the child. (*Id.* at p. 1006, 1008.)

Here, the record demonstrates that appellant had a substance abuse problem. He was arrested for driving under the influence of alcohol, and a breath test showed that he had been driving with a blood alcohol content of .08 percent. He used marijuana, even though the drug was not medically required. He had several convictions and arrests for being under the influence of a controlled substance, and he had a conviction for possession of a controlled substance. At the time of the jurisdiction and disposition hearing, he was taking prescription pain medications. Contrary to appellant's assertion, it is of no consequence that there was no evidence showing the effect of his drug and alcohol consumption on his ability to care for D.A. (*In re Christopher H., supra,* 50 Cal.App.4th at p. 1008.) Accordingly, because the record shows that appellant had a substance abuse problem, the juvenile court did not abuse its discretion in ordering him to complete a drug and alcohol assessment and to participate in drug and alcohol testing. (See generally *id.* at pp. 1006-1008 [no abuse of discretion in ordering father to submit to drug and alcohol testing where father had arrests and convictions for driving under the influence and a blood test showed that father had used methamphetamine].)

### III. *Order Removing D.A. From Appellant's Physical Custody*

Appellant asserts that the juvenile court erred in ordering D.A. removed from his physical custody because there was "no substantial evidence . . . that D.A. needed to be removed from [his] custody to be protected." He accordingly requests that we reverse the order removing D.A. from his physical custody. We conclude that substantial evidence supports the removal order, and that reversal of the removal order is not required.

As part of the dispositional order in a dependency proceeding, the juvenile court must direct where the child will live. (*In re N.M.* (2011) 197 Cal.App.4th 159, 169.) To order a child physically removed from her parent's custody, the juvenile court "must find, by clear and convincing evidence, the child would be at substantial risk of harm if returned home and there are no reasonable means by which the child can be protected without removal." (*In re R.V., Jr.* (2012) 208 Cal.App.4th 837, 849.) "The parent need not be dangerous and the child need not have been actually harmed before removal is appropriate." (*Ibid.*) "The focus . . . is on averting harm to the child." (*In re T.V.* (2013) 217 Cal.App.4th 126, 136.)

We review the juvenile court's dispositional order for substantial evidence. (*In re R.V., Jr., supra,* 208 Cal.App.4th at p. 849.) " 'In reviewing the sufficiency of the evidence, our review requires that all reasonable inferences be given to support the findings and orders of the juvenile court and the record must be viewed in the light most favorable to those orders.' " (*In re Tania S.* (1992) 5 Cal.App.4th 728, 733.)

Here, the evidence showed that appellant had an anger management problem and was prone to violent and threatening conduct. When he became angry about D.A.'s removal from an afterschool program, he shouted at a teacher and the principal, yelled obscenities on the school campus, and threatened the principal. He frequently beat mother, prompted by mother's use of prescription pills. When D.A. attempted to prevent appellant from hanging mother, appellant threatened to physically harm D.A.

9

Appellant's threat to D.A. made D.A. feel scared, and D.A. feared that appellant might hurt her. Despite the evidence showing appellant's tendency to engage in domestic violence and angry outbursts, appellant denied engaging in domestic violence and denied that he angered easily. Appellant's threat to D.A., combined with his history of violence and inability to recognize his anger problem, demonstrated that D.A. was at substantial risk of physical harm in appellant's presence. We therefore conclude that there was sufficient evidence that D.A. would be at substantial risk of harm if placed in appellant's custody and sufficient evidence that D.A. could not be protected without removal from appellant's custody. We accordingly must affirm the dispositional order removing D.A. from appellant's physical custody. (See *In re T.V., supra,* 217 Cal.App.4th at pp. 136-137 [substantial evidence supported dispositional order removing child from father's physical custody where the father engaged in a pattern of domestic violence and "had not successfully addressed his anger issues"].)

## DISPOSITION

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.

11