Filed 4/5/21  In re A.M. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | B308103 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ASHLEY M.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP02503B) |

APPEAL from orders of the Superior Court of Los Angeles County, Victor G. Viramontes, Judge.  Affirmed.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * * * * *

Mother Ashley M. appeals the juvenile court's jurisdictional findings for her then four-year-old son, A.M., based on domestic violence between mother and her boyfriend, A.B. Mother does not challenge the sustained jurisdictional finding that she failed to protect A.M. by allowing A.B. to be under the influence of alcohol around her son. Therefore, mother's jurisdictional challenge is nonjusticiable.

Mother also appeals the dispositional order removing A.M. from her care. While this appeal was pending, A.M. was returned to mother with family maintenance services. Therefore, mother's appeal of the dispositional order is moot. We affirm.

## BACKGROUND

This family came to the attention of the Los Angeles County Department of Children and Family Services in June 2020, only six months after the court had terminated jurisdiction over A.M. in a previous dependency case, with an order granting custody of A.M. to mother. Police had been dispatched to the family home in June 2020 at 5:30 a.m. Mother reported a domestic dispute, claiming to have been "beat up" by A.B. When police attempted to investigate and detained A.B., mother became belligerent, yelling and cursing at responding officers, demanding that A.B. be released, and recanting her report. Mother threatened to shoot and kill police and said she and her boyfriend were gang members. Mother was "aggressive and out of control."

A.B.'s eyes were bloodshot and he smelled of alcohol. Police arrested him for being drunk in public. Mother also appeared to be intoxicated. Mother resisted as officers took her into custody, fighting and spitting on officers and firefighters. She was placed

on an involuntary psychiatric hold because of her aggressive and erratic behavior and was charged with assaulting an officer.

Mother and A.B. were so loud during the police encounter they woke up A.M., who had been sleeping inside the apartment. When he came out of the apartment to see what was happening, he became upset and started to cry.

A.M. was taken into protective custody. When he was interviewed by a social worker at the police station, he reported that A.B. is mean to mother and hits her. He described in detail several incidents of domestic violence where A.B. hit mother. Once, mother had tried to run over A.B. with a car. Mother also kicked A.B. in the face after he struck her. A.M. once hit A.B. in the face "for hitting his mother." A.B. did not strike him back.

After her release from the hospital, mother told a Department social worker that a neighbor must have called police because she and A.B. were talking loudly outside the apartment while A.M. slept. According to mother, her neighbors frequently call the police over trivial things, and she and A.B. had not been arguing. When confronted with her young son's statements about domestic violence, mother explained that he "makes stuff up." She denied any history of domestic violence with A.B.

The family has a child welfare history. In April 2019, the Department substantiated a domestic violence referral. In May 2019, the juvenile court sustained allegations based on numerous incidents of domestic violence between mother and then boyfriend T.H., including threats by T.H. to kill mother. Mother had failed to protect A.M. from T.H., who has a substantial criminal history, including murder, and is an active gang member. The court also sustained allegations that mother was

the victim of domestic violence by Anthony B., A.M.'s father, while mother was pregnant with A.M.  Mother complied with the previous case plan, and jurisdiction was terminated in December 2019 with a custody order granting mother legal and physical custody of A.M.

At the August 17, 2020 adjudication/disposition hearing in this case, the juvenile court sustained allegations under Welfare and Institutions Code section 300, subdivisions (a) and (b) based on domestic violence between mother and A.B., and under section 300, subdivision (b), based on failure to protect due to A.B.'s intoxication.  The court removed A.M. from mother.

Mother timely appealed.  While her appeal was pending, A.M. was returned to her care.

## DISCUSSION

The Department contends mother's jurisdictional challenge is nonjusticiable because she has not challenged the sustained allegation concerning A.B.'s intoxication.  "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence.  In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence." (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)

We find mother's attack on the domestic violence allegations alone is nonjusticiable.  (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490–1491 ["An important requirement for justiciability is the availability of 'effective' relief—that is, the

4

prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status."].)

In any event, there is no merit to mother's claim the domestic violence allegations are unsupported. It is well settled that exposing a child to domestic violence is a sufficient basis for the juvenile court to assert jurisdiction. (*In re T.V.* (2013) 217 Cal.App.4th 126, 134; *In re Giovanni F.* (2010) 184 Cal.App.4th 594, 599–601.) Mother had a long and unresolved history of domestic violence with multiple partners, and it appears she has not benefited from the services provided in her prior dependency case.

We need not consider mother's challenge to the removal order, as A.M. has been returned to her care. Reversal of the dispositional order would not provide mother with any relief beyond what she has already received. (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; see also *In re Michelle M.* (1992) 8 Cal.App.4th 326, 329–330.)

## DISPOSITION

The jurisdictional and dispositional orders are affirmed.


GRIMES, J.

WE CONCUR:



BIGELOW, P. J.



WILEY, J.


5