Filed 5/29/13; pub order 6/14/13 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


In re T.V., a Person Coming Under the Juvenile Court Law.

SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,

      Plaintiff and Respondent,

      v.

TYRONE V.,

      Defendant and Appellant.

D063023

(Super. Ct. No. EJ1640B)


APPEAL from a judgment of the Superior Court of San Diego County, Cynthia Bashant, Judge. Affirmed.


Patti L. Dikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Lisa Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Tyrone V. appeals a judgment declaring his minor daughter, T.V., a dependent of the juvenile court under Welfare and Institutions Code[1] section 300, subdivision (b), and removing T.V. from his custody. Tyrone contends the petition filed on T.V.'s behalf does not plead facts sufficient to show she had been seriously harmed or was at substantial risk of harm. He also contends the evidence is insufficient to support the court's jurisdictional findings and dispositional order. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2007, two-month-old T.V. became a dependent of the juvenile court because her mother, Heather A. (not a party to this appeal), abused drugs and T.V.'s parents exposed her to domestic violence. The parents had a history of domestic violence, including an incident when Tyrone kicked Heather in the stomach when she was pregnant. Tyrone had several felony convictions for spousal abuse and Heather obtained a restraining order against him. Tyrone admitted he used methamphetamine.

While incarcerated, Tyrone participated in parenting classes and domestic violence treatment. He continued to participate in a domestic violence program after his release. He attended therapy and was able to use anger management techniques and show insight regarding his abusive behavior. Tyrone's therapist reported he had a good grasp of his anger issues and the cycle of violence. He was able to express negative feelings and let go of them. Two years after T.V. became a dependent, the parents reunified with her and the court terminated its jurisdiction. In 2011, the family court awarded Tyrone physical custody of T.V.

---

[1]     Statutory references are to the Welfare and Institutions Code.

In September 2012, the San Diego County Health and Human Services Agency (Agency) filed a petition in the juvenile court under section 300, subdivision (g), alleging Tyrone was incarcerated on charges of domestic violence and there was no adult available to care for T.V. Tyrone's arrest occurred on September 26, when police responded to a domestic dispute and learned Tyrone had punched Heather in the face, knocked her to the ground and stepped on her neck. Tyrone claimed Heather attacked him. He did not know how she sustained her injuries, but said he might have instinctively hit her. T.V. was at school during this incident. Heather reported she and Tyrone often engaged in domestic violence, requiring police intervention on six occasions. Although Heather no longer lived with Tyrone, they were still married and had an "off and on" relationship. Another restraining order was issued in 2012, protecting Heather from Tyrone.

The social worker interviewed T.V., who stated Tyrone was unhappy because Heather lived with a male friend. T.V. told the social worker the last time she saw her parents fighting was "last Friday," which would have been September 21, 2012. According to T.V., Heather came to the house that day to get her belongings, and she and Tyrone began to fight. T.V. described how Tyrone hit Heather, and Heather hit him back. T.V. felt scared when her parents fought, stating, "They hit, they cry. I can't take it anymore." She said she had to comfort them after fights. T.V. told the social worker she did not want to go back to her father's house "[b]ecause my dad fights with my mom." T.V. was detained with the maternal grandmother.

The social worker interviewed Tyrone in custody about the domestic violence incident of September 26. Tyrone said he and Heather had been arguing because he was upset about

3

her having a boyfriend. He admitted he stopped going to therapy, which caused his emotions to build up. Tyrone said T.V. was never present when he and Heather fought. However, the social worker learned T.V. had been present during a domestic violence incident between her parents a year earlier at a public library.

Agency filed an amended petition under section 300, subdivision (b), alleging:

> "On or about September 26, 2012, the child was exposed/periodically exposed to violent confrontations in the family home between the parents involving the use of physical force in that, despite the mother's ongoing drug use the father allowed the mother into the family home and due to an argument regarding the mother's infidelity the father shoved and punched the mother and stepped on her neck during a violent altercation in the home, all of which places the child at substantial risk of serious physical harm."

At a detention hearing, the parents made a motion akin to a demurrer to the amended petition. The court denied the motion, finding the petition stated a cause of action. On Agency's motion, the court dismissed the allegation under section 300, subdivision (g).

At a jurisdiction and disposition hearing, the court received in evidence Agency's reports. After considering the evidence and arguments of counsel, the court sustained the allegations of the petition under section 300, subdivision (b), declared T.V. a dependent, removed her from parental custody under section 361, subdivision (c)(1), and placed her with a relative.

## DISCUSSION

### I

Tyrone contends the petition did not allege sufficient facts to justify jurisdiction under section 300, subdivision (b). He asserts there were no allegations of how T.V. had suffered, or

4

was at substantial risk of suffering, serious physical harm or illness as a result of one incident of domestic violence, which did not occur in T.V.'s presence.

A

A dependency petition must contain a "concise statement of facts, separately stated, to support the conclusion that the child upon whose behalf the petition is being brought is a person within the definition of each of the sections and subdivisions under which the proceedings are being instituted." (§ 332, subd. (f).) There is no requirement, however, that Agency "regurgitate the contents of the social worker's report into a petition[.]" (*In re Alysha S.* (1996) 51 Cal.App.4th 393, 399, 400.) The statute "merely requires the pleading of essential facts establishing at least one ground of juvenile court jurisdiction." (*Id.* at pp. 399-400.) Notice of the specific facts on which the petition is based is fundamental to due process because it enables the parties to properly meet the charges. (*In re Jeremy C.* (1980) 109 Cal.App.3d 384, 397; *In re Christopher C.* (2010) 182 Cal.App.4th 73, 83 [purpose of petition is to give parents adequate notice of allegations against them].)

Because Tyrone makes a facial challenge to the petition, we apply the rules applicable to a demurrer. (*In re Nicholas B.* (2001) 88 Cal.App.4th 1126, 1133; *In re Kaylee H.* (2012) 205 Cal.App.4th 92, 108.) Thus, we construe the well-pleaded facts in favor of the petition to determine whether Agency sufficiently alleged that T.V. was at substantial risk of serious physical harm as a result of the parents' failure or inability to adequately supervise or protect her. (§ 300, subd. (b).)

B

A petition filed under section 300, subdivision (b) requires proof that " '[t]he minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent . . . to adequately supervise or protect the minor.' " (*In re Alysha S., supra*, 51 Cal.App.4th at p. 397.) As grounds for jurisdiction, the petition here alleged the parents placed T.V. at substantial risk of serious physical harm because they "periodically" exposed her to violent confrontations, meaning on more than one occasion. Contrary to Tyrone's argument, the petition was not limited to one incident of domestic violence. Instead, it identified the reasons for court intervention by specifying parental conduct that contributed to the need for protection. (*In re Robert P*. (1976) 61 Cal.App.3d 310, 317, fn. 6.) The petition described the risk of harm to T.V. by including facts that Tyrone allowed Heather in the family home despite knowing she was using drugs, and he engaged in an argument with Heather that resulted in shoving and punching her and stepping on her neck. Although T.V. was not present during the September 26 incident of domestic violence, the petition can be read broadly to show that the type of violent conduct in which the parents engaged on that date constituted a failure to protect T.V. "from the substantial risk of encountering the violence and suffering serious physical harm or illness from it." (*In re Heather A*. (1996) 52 Cal.App.4th 183, 194.)

For pleading purposes, the allegation of these facts was sufficient to withstand a challenge to the legal sufficiency of the petition. (See *In re Stephen W*. (1990) 221 Cal.App.3d 629, 639; *In re S.O*. (2002) 103 Cal.App.4th 453, 461 [allegations of mother's failure or inability to protect minor from father's past violence in older children's presence and his failure

6

to obtain treatment provided sufficient detail to confer notice of Agency's concerns as to substantial risk of harm].)  Tyrone had sufficient notice of the specific facts on which the dependency petition was based to enable him to respond to its allegations.  (*In re Jeremy C., supra,* 109 Cal.App.3d at p. 397.)

II

Tyrone contends the evidence is insufficient to support the court's jurisdictional findings.  He asserts the undisputed evidence showed T.V. was not at substantial risk of physical harm because she was not present during the September 26 domestic violence incident, she was not periodically exposed to violence in the home and she was otherwise happy and healthy living with Tyrone.

A

In reviewing the sufficiency of the evidence on appeal, we consider the entire record to determine whether substantial evidence supports the juvenile court's findings.  Evidence is " '[s]ubstantial' " if it is reasonable, credible and of solid value.  (*In re S.A.* (2010) 182 Cal.App.4th 1128, 1140.)  We do not pass on the credibility of witnesses, attempt to resolve conflicts in the evidence or weigh the evidence.  Instead, we draw all reasonable inferences in support of the findings, view the record favorably to the juvenile court's order, and affirm the order even if other evidence supports a contrary finding.  (*In re Casey D.* (1999) 70 Cal.App.4th 38, 52-53; *In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 610.)  The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the findings or order.  (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.)

7

Juvenile dependency proceedings are intended to protect children who are currently being abused or neglected, "and to ensure the safety, protection, and physical and emotional well-being of *children who are at risk of that harm*." (§ 300.2, italics added.) "The court need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child." (*In re R.V.* (2012) 208 Cal.App.4th 837, 843; *In re Heather A.*, *supra*, 52 Cal.App.4th at pp. 194-196.) The focus of section 300 is on averting harm to the child. (*In re Jamie M.* (1982) 134 Cal.App.3d 530, 536.)

Although "the question under section 300 is whether circumstances *at the time of the hearing* subject the minor to the defined risk of harm" (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 824), the court may nevertheless consider past events when determining whether a child presently needs the juvenile court's protection. (*In re Diamond H.* (2000) 82 Cal.App.4th 1127, 1135; *In re Troy D.* (1989) 215 Cal.App.3d 889, 899-900.) A parent's past conduct is a good predictor of future behavior. (*In re Petra B.* (1989) 216 Cal.App.3d 1163, 1169-1170.) "Facts supporting allegations that a child is one described by section 300 are cumulative." (*In re Hadley B.* (2007) 148 Cal.App.4th 1041, 1050.) Thus, the court "must consider all the circumstances affecting the child, wherever they occur." (*Id.* at pp. 1048, 1049.)

B

Exposing children to recurring domestic violence may be sufficient to establish jurisdiction under section 300, subdivision (b). (*In re Heather A., supra*, 52 Cal.App.4th at pp. 193-194 [evidence of continuing violence between father and stepmother, where at least one incident occurred in presence of minors, was sufficient for jurisdictional finding]; see also *In re Daisy H.* (2011) 192 Cal.App.4th 713, 717 [physical violence can support jurisdictional

8

finding where violence is ongoing or likely to continue, and places child at risk of physical harm].)  " 'Both common sense and expert opinion indicate spousal abuse is detrimental to children.' " (*In re E.B.* (2010) 184 Cal.App.4th 568, 576.)  Domestic violence impacts children even if they are not the ones being physically abused, "because they see and hear the violence and the screaming." (*In re Heather A.,* at p. 192; accord, *In re S.O., supra,* 103 Cal.App.4th at pp. 460-461.)

Here, the evidence showed the parents had a lengthy history of domestic violence, often requiring police intervention.  Tyrone had several felony convictions for spousal abuse and Heather had obtained two restraining orders against him.  Despite having successfully participated in parenting classes, domestic violence treatment and therapy, Tyrone could not control his anger or appropriately express his negative feelings during arguments with Heather. During the September 26 incident, Tyrone punched Heather in the face, knocked her to the ground and stepped on her neck, but then denied responsibility other than to say he might have instinctively hit her.  Although T.V. was not present at the time, the domestic violence between the parents was ongoing and likely to continue, thus placing T.V. at substantial risk of physical harm.

In a recent decision involving risk of sexual abuse to siblings under section 300, subdivision (j), the Supreme Court held substantial evidence supported the juvenile court's assertion of jurisdiction over the father's three sons, even though there was no evidence or claim the father sexually abused or otherwise mistreated them or that they had witnessed any of the sexual abuse or were aware of it before the dependency proceedings began.  (*In re I.J.* (May 9, 2013, S204622) __Cal.4th __ [2013 Cal. Lexis 4005].)  In reaching its decision, the

9

Court noted "section 300 does not require that a child actually be abused or neglected before the juvenile court can assume jurisdiction." (*Id*. at pp. 7-8.) Instead, there need only be a " 'substantial risk' " of abuse or neglect. (*Id*. at p. 8.) Here, the evidence showed T.V. was clearly aware of her parents' domestic violence; thus, she was at substantial risk of harm.

Contrary to Tyrone's argument, this was not a case involving a single incident of domestic violence. T.V. told the social worker she saw her parents fighting a week earlier. She said she felt scared and described how they hit each other and cry, and how she had to comfort them after fights. T.V. said, "I can't take it anymore." She did not want to go back to Tyrone's house because Tyrone fights with Heather. Although Tyrone said T.V. was never present when he and Heather fought, a video camera captured a physical altercation between the parents in T.V.'s presence at a public library sometime in 2011.

Even though T.V. had not been physically harmed, the cycle of violence between the parents constituted a failure to protect her "from the substantial risk of encountering the violence and suffering serious physical harm or illness from it." (*In re Heather A., supra*, 52 Cal.App.4th at p. 194; see also *In re Sylvia R.* (1997) 55 Cal.App.4th 559, 562 [children suffer secondary abuse from witnessing violent confrontations].) Moreover, Tyrone was aware of Heather's substance abuse but nevertheless allowed her in the home. From these facts, a reasonable inference could be drawn that without juvenile court intervention, the violence was likely to continue, further exposing T.V. to the risk of serious physical harm. (*In re E.B., supra,* 184 Cal.App.4th at p. 576 [experience shows that past violent behavior in a relationship is the best predictor of future violence]; cf. *In re Daisy H., supra*, 192 Cal.App.4th at p. 717 [evidence was insufficient to support jurisdictional findings where physical violence between

10

parents occurred two to seven years earlier].)  Substantial evidence supports the court's jurisdictional findings under section 300, subdivision (b).

### III

Tyrone contends the evidence is insufficient to support the court's dispositional order removing T.V. from his custody.  He asserts he had properly cared for T.V. for the past few years and she was not at substantial risk of harm.  Tyrone further asserts that as an incarcerated parent, he was able to arrange for T.V.'s care.

### A

Before the court may order a child physically removed from his or her parent's custody, it must find, by clear and convincing evidence, the child would be at substantial risk of harm if returned home and there are no reasonable means by which the child can be protected without removal.  (§ 361, subd. (c)(1); *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.)  The jurisdictional findings are prima facie evidence the minor cannot safely remain in the home.  (§ 361, subd. (c)(1); *In re Cole C.* (2009) 174 Cal.App.4th 900, 917.)  The parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate.  The focus of the statute is on averting harm to the child.  (*In re Diamond H., supra*, 82 Cal.App.4th at p. 1136.)  We review the court's dispositional findings for substantial evidence.  (*In re Lana S.* (2012) 207 Cal.App.4th 94, 105; *In re N.M.* (2011) 197 Cal.App.4th 159, 170.)

### B

Agency asserts Tyrone forfeited the right to challenge the court's dispositional order because he agreed to submit the matter on the social worker's reports.  However, a parent who submits on the reports in evidence does not forfeit the right to appeal the juvenile court's

orders.  (*In re Tommy E.* (1992) 7 Cal.App.4th 1234, 1238.)  "Notwithstanding a submittal on a particular record, the court must nevertheless weigh evidence, make appropriate evidentiary findings and apply relevant law to determine whether the case has been proved.  [Citation.]  In other words, the parent acquiesces as to the state of the evidence yet preserves the right to challenge it as insufficient to support a particular legal conclusion."  (*In re Richard K.* (1994) 25 Cal.App.4th 580, 589.)  Only when a parent submits on a social worker's recommendation does he or she forfeit the right to contest the juvenile court's decision if it coincides with that recommendation.  (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 813.)  Because Tyrone submitted on the social worker's reports and not her recommendations, he has not forfeited his right on appeal to challenge the propriety of the court's dispositional order.

C

Here, the court removed T.V. from Tyrone's custody because the evidence showed the parents engaged in a pattern of domestic violence, some of which T.V. heard or saw; thus, she was at substantial risk of harm if returned home.  The parents' most recent argument culminated in serious harm to Heather.  Consequently, Tyrone was arrested and remained incarcerated at the time of the disposition hearing.  T.V. was frightened when her parents fought.  She said she could not "take it anymore," and did not want to go back to her father's house.

Moreover, Tyrone had not successfully addressed his anger issues even though he had previously participated in domestic violence treatment and therapy.  He denied responsibility for the violence, claiming Heather was the aggressor and he did not know how she sustained her injuries.  Although T.V. had not been physically injured and was otherwise healthy, the

12

court could reasonably find she was at substantial risk of harm as a result of the parents' ongoing domestic violence and there were no reasonable means by which she could be protected without removal. (§ 361, subd. (c)(1).) Contrary to Tyrone's argument, Agency was not required to prove he was unable to make arrangements for T.V.'s care before it could remove her from his custody. (Cf. *In re S.D.* (2002) 99 Cal.App.4th 1068, 1078 [where petition is filed under § 300, subd. (g), court must consider whether incarcerated parent can arrange for minor's care during period of incarceration].) Substantial evidence supports the court's dispositional order.

DISPOSITION

The judgment is affirmed.

McDONALD, Acting P. J.

WE CONCUR:


McINTYRE, J.


IRION, J.

13

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re T.V., a Person Coming Under the Juvenile Court Law. | D063023 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. No. EJ1640B) |
| Plaintiff and Respondent, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| v. | |
| TYRONE V., | |
| Defendant and Appellant. | |

THE COURT:

The opinion filed May 29, 2013, is ordered certified for publication.

McDONALD, Acting P. J.

Copies to: All parties

14