Filed 2/25/21  In re Karim R. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KARIM R., a Person Coming Under the Juvenile Court Law. | B307565 |
| | (Los Angeles County Super. Ct. No 20CCJP01260A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| GABBY R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Juvenile Court Referee. Appeal dismissed.

Pamela Deavours, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodriguo Castro-Silva, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

After Edgar R.'s arrest for possession for sale of methamphetamine, the juvenile court removed his infant son, Karim R., from his custody and placed the child with his mother, Gabby R., under the supervision of the Los Angeles County Department of Children and Family Services (Department). Gabby appeals the jurisdiction finding and disposition order.

While the appeal was pending, the juvenile court terminated its jurisdiction and issued a juvenile custody order awarding sole physical and legal custody of Karim to Gabby with reasonable unmonitored and overnight visitation for Edgar. The Department requests we dismiss the appeal as moot. Gabby acknowledges the appeal is moot but urges us to decide the case as one raising an issue of broad public interest that is likely to recur. We decline Gabby's invitation and dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Edgar's Arrest and the Initiation of Dependency Proceedings*

In early February 2020 Edgar was arrested with 30 pounds of methamphetamine in a black duffle bag in the trunk of the family car. A digital scale and a large amount of cash were found in the home Edgar and Gabby shared with the maternal grandparents and other maternal relatives. Although Gabby was with Edgar when they were stopped by law enforcement and Edgar was arrested, Gabby denied any prior knowledge of

2

Edgar's involvement with drug trafficking. Gabby explained the digital scale in the home was used by Edgar to weigh marijuana he purchased and the cash was money being saved for the couple's baby. Law enforcement reported concern the home/family would be subject to retribution because of the loss of product. (The 30 pounds of methamphetamine had an estimated street value between $275,000 and $550,000.)

Karim was born less than two weeks after Edgar's arrest; Edgar was still in jail. On March 3, 2020 the Department filed a single count petition on behalf of Karim alleging, pursuant to Welfare and Institutions Code section 300, subdivision (b)(1) (failure to protect),[1] that Edgar's criminal activities endangered Karim's physical health and safety and placed him at a substantial risk of serious physical harm. Gabby was not named in the petition. At the detention hearing the juvenile court ordered Karim detained from Edgar and released to Gabby on condition the Department make frequent unannounced visits to ensure Karim's safety. The court ordered Edgar not to return to the family home if he was released from custody prior to the jurisdiction hearing.

2. *The Jurisdiction / Disposition Hearing*

In an interview summarized in the Department's jurisdiction/disposition report, Gabby told the social worker she and Edgar were still in a relationship and intended to stay together once he was released. Gabby was attending parenting classes and participating in individual counseling online. Her goal was to complete her services and assist Edgar with his case plan after he served whatever sentence was imposed, so that they

---

[1]    Statutory references are to this code.

3

could both have custody of Karim and live together in a safe home.

Edgar was no longer in jail by the time of the July 1, 2020 jurisdiction/disposition hearing. Gabby's and Edgar's counsel urged the court to dismiss the dependency petition, arguing Edgar's possession of methamphetamine before Karim was born did not expose the child to any risk of serious physical harm; neither the digital scale nor the $5,000 in cash found in the home created any danger for an infant; and, by the time of the jurisdiction hearing, there was no evidence that Gabby and Edgar were not fully capable of caring for and protecting their child. The Department and counsel for Karim asked the court to sustain the petition, arguing Edgar's involvement in large-scale drug trafficking had created a significant risk to Karim, who was about to be born, and to everyone else living in the home with Gabby, "especially in light of the fact that the sale did not go through."

The court sustained the petition, amending slightly the language in the petition. Moving directly to disposition, the court declared Karim a dependent child of the juvenile court; removed him from Edgar's care and custody; placed him with Gabby under the supervision of the Department; and ordered family maintenance services (parenting classes) for Gabby and enhancement services for Edgar, including drug testing with a full drug rehabilitation program if any test was positive or missed. Edgar was permitted monitored visits with Karim.

Gabby filed a timely notice of appeal. Edgar has not appealed the court's July 1, 2020 jurisdiction finding and disposition orders.

### 3. *Termination of Dependency Jurisdiction*

At the section 364 review hearing on December 17, 2020, the court found the conditions that justified its initial assumption of jurisdiction no longer existed and were not likely to exist if court supervision was withdrawn.[2]  Accordingly, the court terminated jurisdiction and made a juvenile custody order awarding Gabby sole physical and legal custody of Karim with reasonable unmonitored/overnight visitation for Edgar.

### DISCUSSION

On appeal, emphasizing Karim was born after Edgar had been arrested for possession for sale of a controlled substance, Gabby argues the Department never established a nexus between Edgar's criminal activity and a substantial risk of serious physical harm to Karim, as required for the court to sustain the dependency petition.  (See, e.g., *In re D.L.* (2018) 22 Cal.App.5th 1142, 1146 [section 300 requires proof the child is subject to the defined risk of harm at the time of the jurisdiction hearing]; *In re T.V.* (2013) 217 Cal.App.4th 126, 133 [same].)  As discussed, however, the juvenile court has since terminated its jurisdiction and awarded Gabby sole physical and legal custody of Karim.

An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot.  (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488; see *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 [as ""a general rule it is not within the function of the court to act upon or decide a moot question or speculative,

---

[2]	Concurrently with filing its respondent's brief, the Department moved for judicial notice of a status review report filed December 14, 2020 and the minute order from the December 17, 2020 review hearing.  We granted the motion as to the minute order.

5

theoretical or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition"'"].) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)

Gabby acknowledges a favorable decision on appeal would provide her no effective relief. She was a nonoffending parent; the court's finding regarding Edgar's criminal activity and the risk it created for Karim's safety will have no negative consequences for Gabby in the future. Her obligation to participate in a parenting class has ended. And the juvenile custody award did not adversely affect her rights. (See generally (*In re Briana V.* (2015) 236 Cal.App.4th 297, 309 [termination of dependency jurisdiction does not necessarily moot appeal if challenged finding could have consequences for appellant beyond jurisdiction]; *In re E.T.* (2013) 217 Cal.App.4th 426, 436 [""[a]n issue is not moot if the purported error infects the outcome of subsequent proceedings"'"]; *In re J.K.* (2009) 174 Cal.App.4th 1426, 1431-1432 [appeal from jurisdiction findings is not moot where sustained findings have an adverse effect on custody or visitation rights].)

Nonetheless, emphasizing our inherent discretion to decide an otherwise moot issue where a "'pending case poses an issue of broad public interest that is likely to recur'" (*In re N.S.*, *supra*, 245 Cal.App.4th at p. 59), Gabby urges us to decide the merits of her appeal. We decline to do so. Although the juvenile court's exercise of dependency jurisdiction is always significant for the individuals involved, the fact-specific question whether Edgar's drug trafficking created a substantial risk of serious physical

6

harm to five-month-old Karim by the time of the jurisdiction hearing in light of the family's then-current circumstances is the type of issue presented to appellate courts multiple times every year. That Edgar's arrest occurred days before Karim's birth, rather than afterward, although unusual, does not transform this routine dependency appeal into a case of public interest.

## DISPOSITION

The appeal is dismissed as moot.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.