Filed 6/14/23  In re Kieran S. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KIERAN S., a Person Coming Under the Juvenile Court Law. | B318672 |
| | (Los Angeles County Super. Ct. No. 19LJJP00321A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. AMBER C., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Susan Ser, Judge.  Affirmed.

Jonathan Grossman, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Amber C., mother of two-year-old Kieran S., appeals from the juvenile court's jurisdiction findings and disposition orders after the court sustained a petition filed by the Los Angeles County Department of Children and Family Services under Welfare and Institutions Code section 300, subdivision (b).[1] Amber argues substantial evidence did not support the court's finding her substance abuse put Kieran at a substantial risk of serious physical harm. She also argues substantial evidence did not support the court's findings that absconding with Kieran and failing to protect her from her father's drug use and mental health problems also placed Kieran at a substantial risk of serious physical harm. Because substantial evidence supported the first jurisdiction finding, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Department Investigates the Family, and Amber Absconds with Kieran*

Amber and Victor S. (not a party to this appeal) are Kieran's parents. In April 2019, when Kieran was two months

_____

[1] Statutory references are to the Welfare and Institutions Code.

2

old, the Department received a referral stating the parents used drugs in the child's presence. A Department social worker met with the parents at a home in Lancaster. Victor admitted he used marijuana; Amber denied she used any drugs and said she intended to return to Shasta County. The parents agreed to take drug tests. On April 30, 2019 the social worker received the results: Victor's sample was diluted; Amber's positive for amphetamine, methamphetamine, and morphine. When the social worker discussed the test results with Amber the next day, Amber denied using methamphetamine.

On May 2, 2019 the social worker called Amber and left a voicemail message asking her to return the call. On May 6, 2019 Amber sent the social worker a text message stating she left Lancaster and was in Sacramento with her father "for now." The social worker asked Amber for her new address so that a child protective agency could conduct a welfare check on Kieran. Amber did not reply to the message or answer the phone when the social worker called.

Unable to learn where Amber and Kieran were, the social worker concluded Amber was evading the Department, which on May 13, 2019 filed a petition under section 300, subdivision (b), alleging Amber's substance abuse put Kieran at substantial risk of serious physical harm. The juvenile court issued an order detaining Kieran from both parents, a protective custody warrant for Kieran, and an arrest warrant for Amber. On June 19, 2019 a social worker spoke with Amber on the phone, but Amber refused to disclose where she and Kieran were. Amber stated: "[I]f I let you guys know where I am then you will take my child and I cannot let you guys do that." Amber also denied she used drugs, suggested the test result was "mixed up," and claimed the

Department could not prove she used drugs "while with [Kieran]."

On August 16, 2019 Amber appeared in juvenile court in Los Angeles County Superior Court. She left, however, before the court called the matter for a hearing. The Department had no contact with Amber for almost two years.

In April 2021 Amber gave the Department an address where she claimed Kieran lived with his maternal grandmother. Despite several welfare checks by local law enforcement, Kieran was not found at the address. On October 13, 2021 Kieran was finally located in a home in Shasta County and subsequently placed in a foster home in Los Angeles County. According to a detective working on the case, Amber admitted she used methamphetamine "that day or the day before" and acknowledged she had a "problem with meth." The detective reported that law enforcement found a pipe used for smoking methamphetamine in an unattached room of the home and that the home was clean and Kieran appeared to be doing well.

On October 27, 2021 the Department spoke to Amber about the allegations in the petition. During the conversation Amber denied any drug use and claimed she "never got in trouble for meth." She admitted, however, she had a 10-year addiction to opiates. Amber also said Victor used methamphetamine and marijuana, drank too much alcohol, and had mental health issues. The Department also learned that Victor claimed Amber used drugs with her father (Kieran's maternal grandfather), that Kieran's godmother reported Amber used methamphetamine recreationally, and that the family's "biggest concern was [Amber's] methamphetamine . . . abuse." Based on this information, the Department on November 23, 2021 filed an

4

amended petition under section 300, subdivision (b), to add allegations that Amber and Victor placed Kieran at risk by absconding with Kieran and that Amber failed to protect Kieran from Victor's mental and emotional problems.  The Department asked Amber to take an on-demand drug test, but Amber did not appear for the scheduled test.

B.    *The Juvenile Court Sustains a Petition and Makes Disposition Orders*

At the January 28, 2022 jurisdiction hearing counsel for Amber asked the court to dismiss the petition because there was no "indication [Amber] was under the influence" when Kieran was detained and "there was no current risk or harm or showing of neglect to [Kieran] in mother's care."  Counsel for Kieran asked the court to sustain the petition because of Amber's 2019 drug test and the methamphetamine pipe found recently in her home.  The juvenile court sustained amended counts under section 300, subdivision (b)(1), concerning Amber: substance abuse (count b-1), failing to protect Kieran from Victor's mental and emotional issues (count b-3), and absconding with Kieran (count b-4).

At the February 17, 2022 disposition hearing the court declared Kieran a dependent child of the court, removed him from his parents, ordered Amber to attend a drug treatment program, and ordered reunification services.  Amber timely appealed from the court's jurisdiction findings and disposition orders.[2]

---

[2]    Amber challenges the disposition orders only to the extent she argues substantial evidence did not support the juvenile court's jurisdiction findings.

5

# DISCUSSION

### A.    *Applicable Law and Standard of Review*

"The purpose of section 300 'is to provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm.'" (*In re Cole L.* (2021) 70 Cal.App.5th 591, 601; see § 300.2, subd. (a).)  "Although section 300 requires proof the child is subject to the defined risk of harm at the time of the jurisdiction hearing [citations], the court need not wait until a child is seriously abused or injured to assume jurisdiction and take steps necessary to protect the child.  [Citations.]  The court may consider past events in deciding whether a child presently needs the court's protection."  (*Cole L.*, at pp. 601-602.)

Section 300, subdivision (b)(1), "allows a child to be adjudged a dependent of the juvenile court when '[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of a custodian with whom the child has been left.'  A jurisdiction finding under section 300, subdivision (b)(1), requires the Department to prove three elements: (1) the parent's or guardian's neglectful conduct or failure or inability to protect the child; (2) causation; and (3) serious physical harm or illness or a substantial risk of

6

serious physical harm or illness." (*In re Cole L.*, *supra*, 70 Cal.App.5th at p. 601.)

""""In reviewing a challenge to the sufficiency of the evidence supporting the jurisdictional findings and disposition, we determine if substantial evidence, contradicted or uncontradicted, supports them. 'In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court.' [Citation.] 'We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.""" [Citations.] However, '[s]ubstantial evidence is not synonymous with any evidence. [Citation.] To be substantial, the evidence must be of ponderable legal significance and must be reasonable in nature, credible, and of solid value.'" (*In re Cole L.*, *supra*, 70 Cal.App.5th at p. 602.)

Finally, "[a]pplication of the doctrine of justiciability in the dependency context leads to the conclusion that '[w]hen a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' [Citation.] This is true because no effective relief could be granted in such a situation, as jurisdiction would be established

7

regardless of the appellate court's conclusions with respect to any such additional jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 328-329.) As the Supreme Court explained, "the principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that "'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate,'"" so that "where there are multiple findings against one parent; the validity of one finding may render moot the parent's attempt to challenge the others." (*In re D.P.* (2023) 14 Cal.5th 266, 283-284.)

B.   *Substantial Evidence Supported the Juvenile Court's Jurisdiction Findings Based on Amber's Substance Abuse*

1.   *Substantial Evidence Supported the Juvenile Court's Finding Amber Abused Drugs*

The juvenile court found, among other things, Amber abused substances, a finding Amber does not directly challenge. Substantial evidence supported the court's finding. Amber's 2019 drug test result revealed she was using amphetamine, methamphetamine, and morphine.[3] When law enforcement finally found Amber and Kieran two years later, Amber admitted that she had used methamphetamine within the previous two days and that she had a substance abuse problem. In addition, investigators found a pipe for smoking methamphetamine in the house (albeit in a separate, unattached

---

[3]   Amber said she had a prescription for morphine. She promised to show it to the Department, but she never did.

8

room).  By that time, by her (occasional) admission, she had been addicted to methamphetamine and other psychostimulants for over a decade.[4]  And, as Amber admits, "[h]er absence in the two year gap" while she was hiding from child protective agencies and avoiding law enforcement "could give rise [to] an inference she used during that period."

Amber's persistent lying about her drug use was a further indicium of drug abuse.  Amber denied drug use when the Department initially asked her to take a drug test and again after she tested positive for amphetamine, methamphetamine, and morphine.  In June 2019 Amber again denied using drugs, insisting to a social worker that her positive test result must have been falsified and that the Department could not prove she used drugs in Kieran's presence.  In October 2021 Amber once again denied drug use, contradicting her previous admission she had recently used methamphetamine, and claimed she had been drug-free for five years.  (See *In re K.B.* (2021) 59 Cal.App.5th 593, 601 [juvenile court could reasonably infer from the mother's "dissembling about . . . drug use" she was "trying to hide [an] ongoing drug addiction"]; *In re A.F.* (2016) 3 Cal.App.5th 283, 293 ["'[D]enial is a factor often relevant to determining whether persons are likely to modify their behavior in the future without court supervision.'"]; *In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["[o]ne cannot correct a [drug] problem one fails to acknowledge"].)

---

[4]      Amber also acknowledged she was arrested in 2017 for possessing a controlled substance for sale.

9

2. *Substantial Evidence Supported the Juvenile Court's Finding Amber's Drug Abuse Created a Substantial Risk of Physical Harm*

As discussed, Kieran was an infant when the Department became involved with the family in April 2019, and was two years old when the authorities found her with Amber in Shasta County in April 2021. Because Kieran was a child under the age of six, the juvenile court's finding Amber was abusing substances created a rebuttable presumption of a substantial risk of physical harm to Kieran. (See *In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1219 [for children "six years old or younger at the time of the jurisdiction hearing," a "finding of substance abuse is prima facie evidence of the inability of a parent or guardian to provide regular care resulting in a substantial risk of harm"]; *In re Drake M.* (2012) 211 Cal.App.4th 754, 767 [same]; see also *In re Kadence P.* (2015) 241 Cal.App.4th 1376, 1385 [mother's "continuous illicit drug use" put her infant daughter "at substantial risk of harm"].)

Amber argues she rebutted the presumption because there was evidence Kieran "was well taken care of," had "no signs of injuries or neglect," and was living in a home that was "clean and even decorated." Kieran may have been living in a clean home and, so far, may have escaped injury and neglect in the care of a parent who was abusing drugs. The juvenile court did not know for sure because Amber was "on the run" with Kieran and incommunicado with the Department for almost two years and, as Amber concedes, her absconding with Kieran "created the [D]epartment's concern it did not know if he were being neglected." In addition, Amber had a long history of substance abuse, and nothing suggested she was trying to face, let alone

10

overcome, her drug addiction.  But Kieran's continued good fortune was not guaranteed, and as discussed, the juvenile court did not have to wait until Kieran suffered actual injury or neglect before asserting jurisdiction.  (*In re Cole L.*, *supra*, 70 Cal.App.5th at p. 602; see *In re T.V.* (2013) 217 Cal.App.4th 126, 133 ["[a] parent's past conduct is a good predictor of future behavior"]; *In re A.F.*, *supra*, 3 Cal.App.5th at p. 289 ["court may consider past events to determine whether the child is presently in need of juvenile court protection"]; *In re Kadence P.*, *supra*, 241 Cal.App.4th at p. 1385 [parent's drug abuse created a substantial risk of harm to the infant child, even though the child had not yet been harmed].)

The cases Amber relies on, *In re Rebecca C.* (2014) 228 Cal.App.4th 720 and *In re Drake M. supra*, 211 Cal.App.4th 754, are distinguishable.  In *Rebecca C.* the court held substantial evidence did not support the juvenile court's finding the mother's substance abuse caused, or there was a substantial risk it would cause, physical harm to the child because the child in that case was 13 years old and denied any physical or emotional abuse. (*Rebecca C.*, at pp. 727-728.)  Kieran is only two years old; a 13-year-old child, like the one in *Rebecca C.*, is much more mature, independent, and able to take steps to protect himself or herself from a substance-abusing mother than a two-year-old child who is entirely dependent on his mother and who requires constant care and attention.

In *In re Drake M.*, *supra*, 211 Cal.App.4th 754 the court held that substantial evidence did not support the juvenile court's finding the father was abusing substances and that his use of medical marijuana did not support the finding he failed to supervise or protect his nine-month-old child.  The court stated

11

there was no evidence that the child was exposed to marijuana or secondhand marijuana smoke or that the father had failed to provide the child with adequate supervision or protection. (*Id.* at pp. 765-767.) Moreover, while the father in *Drake M.* was using medically prescribed marijuana for arthritis, Amber was abusing methamphetamine, a substance that is far more dangerous and that causes severe side effects that can impair a parent's ability to provide regular care for a child. (See *In re Alexzander C.* (2017) 18 Cal.App.5th 438, 449 [methamphetamine is "'an inherently dangerous drug known to cause visual and auditory hallucinations, sleep deprivation, intense anger, volatile mood swings, agitation, paranoia, impulsivity, and depression'"].) Again, the juvenile court did not need to wait for actual harm to occur before asserting jurisdiction to protect Kieran from a parent whose drug abuse created a substantial risk of physical harm. (See *In re I.J.* (2013) 56 Cal.4th 766, 773 ["'The court need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child.'"]; *In re K.B.*, *supra*, 59 Cal.App.5th at p. 603 ["The court need not wait for disaster to strike before asserting jurisdiction."].)[5]

---

[5] Because substantial evidence supported at least one of the juvenile court's jurisdiction findings, that is enough. (*In re Madison S.*, *supra*, 15 Cal.App.5th at pp. 328-329; see *In re A.F.*, *supra*, 3 Cal.App.5th at p. 290 ["if one of the three jurisdictional bases relative to mother's conduct is supported by substantial evidence, the juvenile court's jurisdictional finding must be affirmed regardless of whether either of the other alleged grounds for jurisdiction is supported by the evidence"].)

## DISPOSITION

The juvenile court's jurisdiction findings and disposition orders are affirmed.


                                SEGAL, J.


We concur:



        PERLUSS, P. J.



        FEUER, J.