Filed 7/12/23  In re Galilea M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re GALILEA M., a Person Coming Under the Juvenile Court Law. | B320333 <br><br> (Los Angeles County Super. Ct. No. 22CCJP00554B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PATRICIA C., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin R. Kesler, Juvenile Court Referee. Affirmed.

Jacques Alexander Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Tarkian & Associates and Arezoo Pichvai for Plaintiff and Respondent.

_____

Patricia C., the mother of now-15-year-old Galilea M., appeals the juvenile court's March 30, 2022 disposition order removing Galilea from her custody after the court sustained a petition pursuant to Welfare and Institutions Code section 300, subdivisions (a) (serious physical harm inflicted nonaccidentally), (b)(1) (failure to protect), (d) (sexual abuse) and (j) (abuse of sibling),[1] based on its findings that William M., Galilea's father, had sexually abused Galilea's now-18-year-old half-sister, Ruby G., starting when Ruby was three years old; William physically abused Ruby, Galilea and their older sibling Rene C. when Rene was a child; William and Patricia had a history of engaging in violent altercations in the children's presence; and Patricia failed to protect her children from the ongoing sexual and physical abuse. Without questioning the juvenile court's jurisdiction findings or the evidentiary bases for them, Patricia contends reasonable means existed to protect Galilea without removing her from her mother's custody. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

With the dependency petition filed February 14, 2022 the Los Angeles County Department of Children and Family Services submitted a lengthy detention report detailing 17-year-old Ruby's accusations that Patricia's boyfriend William (Galilea's father) had sexually abused her over a lengthy period. In addition, Ruby

_____

[1]    Statutory references are to this code.

described William's physical abuse, including an incident that Galilea had witnessed. Ruby had not told Patricia about the sexual abuse because she did not think her mother, who idolized William, would believe her.

The detention report also summarized the social worker's interview with Rene, with whom Ruby and Galilea were then living (with Patricia's agreement). According to Rene, when they all lived in Patricia's home, William physically abused Rene and Patricia, but Rene intervened to prevent William from physically abusing Ruby and Galilea. For her part, Galilea reported that William had always been physically abusive toward her and Ruby, as well as to Patricia and Rene.

When the social worker interviewed Patricia, Patricia indicated a willingness to protect Ruby if she insisted the allegations of sexual abuse were true, but expressed doubt as to Ruby's truthfulness, explaining that Ruby had a tendency of lying and making a big deal of things. Patricia unequivocally stated, "I just don't believe this," and suggested Ruby fabricated the sexual abuse allegations so she could remain on her school's dance team notwithstanding her bad grades. Although Patricia and William continued to live in the family residence, Patricia said they were no longer in a relationship and he was sleeping in a different room from her.

The dependency petition filed February 14, 2022 pursuant to section 300, subdivisions (a), (b), (d) and (j), described William's sexual abuse of Ruby; his physical abuse of Ruby, Galilea and Rene; William and Patricia's history of domestic violence; and Patricia's failure to protect her children from William. Two days later the court ordered Ruby and Galilea detained from Patricia's care.

The jurisdiction/disposition report, filed March 9, 2022, added more detail of William's explosive anger and violence and included Patricia's insistence during a further interview that William never hit Ruby or Galilea and was "very kind and loving" toward the children. Patricia again accused Ruby of lying about William's sexual abuse. Patricia had moved out of the home but admitted she and William were together and explained she had moved only because her attorney told her it did not look good for her to continue living with William while the allegations of abuse were pending, not because she believed William had done anything wrong.

At the jurisdiction hearing the court sustained an amended petition pursuant to section 300, subdivisions (a), (b)(1), (d) and (j), finding true the allegations (among others) that William on numerous occasions sexually abused Ruby between the time she was three and 10 years old, including forcibly raping her, and that Patricia failed to take action to protect the child when she knew, or reasonably should have known, of the sexual abuse. In addition, the court found true the allegations that William physically abused Ruby and Galilea by slapping and spitting in Ruby's face and choking Galilea and Patricia failed to protect her children when she knew, or reasonably should have known, they were being physically abused. The court also sustained the allegation that Patricia and William had a history of engaging in violent altercations in the children's presence.

Immediately turning to disposition, the court declared Ruby and Galilea dependent children of the court and ordered both children removed from parental custody and suitably placed, finding by clear and convincing evidence "there's no reasonable means yet by which to protect them without removing them from

4

their parents' care." Rejecting Patricia's counsel's request for a home-of-parent order, the juvenile court stated, "I cannot place the kids back with mom at this point in time, even though she supposedly has separated from [William]. She has yet to acknowledge that these events have occurred and is blaming the child or children for why they are here before the court."

The court ordered family reunification services for Patricia and William, directing Patricia to participate in parenting education, sexual abuse awareness counsel, individual counseling and a support group for victims of domestic violence. Patricia was restricted to monitored visitation in a neutral setting for six hours per week (with Department discretion to liberalize).

Patricia filed a timely notice of appeal. In her briefing Patricia does not challenge any of the juvenile court's jurisdiction findings and, because Ruby turned 18 years old in October 2022, argues only that the court erred in removing Galilea from her care, contending reasonable means existed to protect the child without removal.

## DISCUSSION

1. *Governing Law and Standard of Review*

The paramount purpose of the dependency laws "is to provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm." (§ 300.2, subd. (a); see *In re Cole L.* (2021) 70 Cal.App.5th 591, 601; *In re A.F.* (2016) 3 Cal.App.5th 283, 289.)

After a dependency petition has been sustained pursuant to section 300, the court may order a child removed from the

5

physical custody of a parent based on its finding, by clear and convincing evidence, that the child would be at substantial risk of physical or emotional harm if the parent were to live with the child and there are no reasonable means by which the child can be protected without removal. (§ 361, subds. (c)(1) [parent with whom the child resided at the time the petition was initiated], (d) [parent with whom the child did not reside at the time the petition was initiated];[2] *In re T.V.* (2013) 217 Cal.App.4th 126, 135; see *In re Anthony Q.* (2016) 5 Cal.App.5th 336, 347.) "The parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate. The focus of the statute is on averting harm to the child." (*In re D.B.* (2018) 26 Cal.App.5th 320, 328; accord, *In re T.V.*, at pp. 135-136; *In re T.W.* (2013) 214 Cal.App.4th 1154, 1163.)

Because an order for removal under section 361, subdivisions (c) and (d), must be based on clear and convincing evidence, we "must determine whether the record, viewed as a whole, contains substantial evidence from which a reasonable trier of fact could have made the finding of high probability demanded by this standard of proof." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1005; see *In re Nathan E.* (2021) 61 Cal.App.5th 114, 123 ["[i]n reviewing for substantial evidence to support a dispositional order removing a child, we 'keep[] in mind that the [juvenile] court was required to make its order based on the higher standard of clear and convincing evidence'"]; see generally *In re I.J.* (2013) 56 Cal.4th 766, 773 ["'In reviewing

2     Both Patricia's and the Department's counsel on appeal cite section 361, subdivision (c)(1), as the governing provision. However, Galilea was residing with her half-sibling Rene when the petition was filed in February 2022, not with Patricia.

6

a challenge to the sufficiency of the evidence supporting the jurisdictional findings and disposition, we determine if substantial evidence, contradicted or uncontradicted, supports them. "In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." [Citation.] "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court""]'.)

The "appellant has the burden to demonstrate there is no evidence of a sufficiently substantial nature to support the findings or orders." (*In re D.B.*, *supra*, 26 Cal.App.5th at pp. 328-329.)

2. *Substantial Evidence Supports the Removal Order*

Emphasizing that she had agreed to follow the court's orders that she participate in sexual abuse awareness counseling and attend a support group for victims of domestic violence, as well as that she had moved away from William, Patricia argues her cooperation with the Department and the court demonstrated there were reasonable means to protect Galilea without removing her from her mother's custody. Yet, as the court found at disposition, Patricia remained insistent that the sexual and physical abuse suffered by Ruby and Galilea had never occurred and confessed she remained in a relationship with their abuser, whom she had described as a "very kind and loving" man and with whom she had a significant history of domestic violence.

Patricia's steadfast denial of the abuse of her children and her lack of insight into her role in allowing it to continue amply

7

justified the court's decision to remove Galilea from Patricia's custody, at least until she made progress in the court-ordered programs identified. (See *In re M.V.* (2022) 78 Cal.App.5th 944, 967 ["'the juvenile court must determine whether a child will be in substantial danger if permitted to remain in the parent's physical custody, considering not only the parent's past conduct, but also current circumstances, and the parent's response to the conditions that gave rise to juvenile court intervention'"]; *In re I.R.* (2021) 61 Cal.App.5th 510, 520 [same]; *In re D.B.*, *supra*, 26 Cal.App.5th at p. 332 [same]; see also *In re A.F.*, *supra*, 3 Cal.App.5th at p. 293 ["[i]n light of mother's failure to recognize the risks to which she was exposing the minor, there was no reason to believe the conditions would not persist should the minor remain in her home"]; *In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["[o]ne cannot correct a problem one fails to acknowledge"].) Given Patricia's history with William and her ongoing relationship with him, the juvenile court reasonably determined that unannounced home visits by the Department's social workers or no-contact protective orders would not adequately protect Galilea and there were no other reasonable measures by which the child could safely remain in Patricia's custody.

## DISPOSITION

The juvenile court's March 30, 2022 disposition order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.　　FEUER, J.

8