Filed 3/6/26  In re L.L. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.L. et al., Persons Coming Under the Juvenile Court Law. | B345302 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>Y.C.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 23CCJP00707B–D) |

APPEAL from orders of the Superior Court of Los Angeles County.  Georgia A. Huerta, Judge.  Affirmed.

Anuradha Khemka, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

Y.C. (mother) appeals from the orders asserting dependency jurisdiction over the three daughters she shares with M.L. (father).  She argues that insufficient evidence supported the juvenile court's finding that the domestic violence in her relationship with her boyfriend in the presence of the daughters' half sibling created a substantial risk of harm to the daughters at issue.  Although jurisdiction was also based on the conduct of father, who did not appeal, and although mother does not challenge the dispositional orders, we exercise our discretion to reach the merits of mother's jurisdictional challenge and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1.  The family

Mother and father have three daughters together (born 2015, 2016, and 2018), but are no longer a couple.  When mother and father were together, father kicked and hit mother in the stomach and choked her while she was pregnant.  Mother did not call the police. Both parents then found new partners, and these relationships were also marred by domestic violence.

### 2.  Prior dependency case involving maternal half sibling

Mother has another child who was the subject of a different dependency case arising from domestic violence between mother and her boyfriend, R.S., in that child's presence.  In December 2023, the juvenile court sustained allegations that R.S. spat on mother, pushed her down, choked her with both of his hands, pressed a screwdriver against her face, struck her face with his fists, and pressed knives against her neck and back, causing

2

lacerations. The court awarded sole physical custody to the half sibling's father, with joint legal custody, and terminated jurisdiction.

## 3. Father and his girlfriend

After separating from mother, father sought a restraining order against her and took custody of their three daughters. At the time of the incident giving rise to this dependency case, father and his girlfriend, A.F., were living in a motel room with the three daughters and two of A.F.'s children. Father came home from work one day and hit and choked A.F. in the presence of some of the children, resulting in his arrest.

## 4. Section 300 petition

On November 26, 2024, the Los Angeles County Department of Children and Family Services filed a petition under subdivisions (a), (b)(1), and (j) of section 300[1] asking the juvenile court to exert jurisdiction over mother and father's three daughters based on father's domestic violence with his girlfriend in the daughters' presence, mother and her boyfriend's domestic violence in front of the half sibling, and both parents' substance abuse issues.

At the initial hearing, the juvenile court ordered the children detained from both parents and placed in foster care. Mother and father were granted monitored visits.

On March 27, 2025, the juvenile court sustained the allegations related to the domestic violence in mother's relationship and father's domestic violence and drug abuse under subdivisions (a), (b), and (j) of section 300, and dismissed the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

3

allegations related to mother's drug abuse.**²**  The court removed the children and ordered reunification services for both parents. For mother, these included a drug and alcohol program with testing, parenting classes, and individual counseling.  Mother was granted monitored visits.

## DISCUSSION

### 1. Substantial evidence supports jurisdiction based on the domestic violence between mother and her boyfriend

Subdivision (j) of section 300 provides that jurisdiction is proper if "[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions.  The court shall consider the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child, the nature and abuse or neglect of the sibling, the mental condition of the parent or guardian, and any other factors the court considers probative in determining whether there is a substantial risk to the child."  " 'Subdivision (j) *does not* state that its application is limited to the risk that the child will be abused or neglected *as defined in the same subdivision* that describes the abuse or neglect of the sibling. Rather, [it] directs the [juvenile] court to consider whether there is a substantial risk that the child will be harmed under

---

**²** Relevant here, the court sustained the allegations that mother and her boyfriend's "history of engaging in violent altercations in the presence of the [half sibling]," which resulted in a prior dependency proceeding, and "mother's failure to protect the [half sibling] endangers the [three daughters'] physical health and safety, and places the children at risk of serious physical harm, damage, [and] danger."

4

subdivision (a), (b), (d), (e), *or* (i) of section 300, notwithstanding which of those subdivisions describes the child's sibling.' " (*In re I.J.* (2013) 56 Cal.4th 766, 774 (*I.J.*).)

Subdivision (b)(1)(A) of section 300 says jurisdiction is proper where "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of" "[t]he failure or inability of the child's parent or guardian to adequately supervise or protect the child." "Exposing children to recurring domestic violence may be sufficient to establish jurisdiction under section 300, subdivision (b)." (*In re T.V.* (2013) 217 Cal.App.4th 126, 134 (*T.V.*); accord, *In re R.C.* (2012) 210 Cal.App.4th 930, 941.) Such violence "impacts children even if they are not the ones being physically abused, 'because they see and hear the violence and the screaming.' " (*T.V.*, at p. 134.) Subdivision (i) of section 300 broadly provides for jurisdiction where "[t]he child has been subjected to an act or acts of cruelty by the parent . . . or a member of the child's household, or the parent . . . has failed to adequately protect the child from an act or acts of cruelty when the parent . . . knew or reasonably should have known that the child was in danger of being [so] subjected." The Legislature did not further define "act or acts of cruelty," "due to the myriad forms such conduct may take." (*In re N.R.* (2023) 15 Cal.5th 520, 548.) Jurisdiction under subdivision (i) requires no finding that the parent intended to harm the child. (*In re D.C.* (2011) 195 Cal.App.4th 1010, 1012.) In view of the breadth of this provision and the lack of any requirement that harm be intentional, it is reasonable to conclude that a child may fall under this provision whose mother allows them to witness her being abused.

The severity of domestic violence, in both mother's and father's relationships, supports the challenged jurisdictional finding. Mother has been subjected to domestic violence in at least two of her relationships, first with father, and then with the next boyfriend, who went so far as to punch her in the face, choke her with both hands, lacerate her neck and back with a knife, and threaten to kill her. This more recent violence against mother served as the basis for dependency jurisdiction over a maternal half sibling in a separate case that resulted in that half sibling's removal from mother and the award of sole custody to that child's father.[3] Mother does not appear to have appealed from those findings or orders. What is more, mother failed to participate in any of the reunification services ordered for her in that prior proceeding. And in this case too, at least as of September 10, 2025, mother's progress with her case plan has been "unsubstantial."[4] Mother's history of being in relationships where she is the subject of severe domestic violence in at least one of her children's presence, her lack of compliance with services that might aid her to avoid such relationships in the future, and the fact that she has been granted visitation (albeit

---

[3] Limited information is in the record about this prior proceeding, and we do not know for sure the statutory base(s) on which that petition was sustained. This lack of exactitude does not hinder our analysis, however, because it is sufficient for purposes of subdivision (j) that the juvenile court made an implied finding that the sibling was abused or neglected under one of the relevant subdivisions of section 300. (See *In re Ashley B.* (2011) 202 Cal.App.4th 968, 980.)

[4] We take judicial notice of the juvenile court's September 2025 minute orders filed after mother's appeal.

6

monitored) with her three daughters at issue all support the juvenile court's jurisdictional finding.  That the daughters have already been exposed to severe domestic violence by father is another circumstance showing a substantial risk of serious harm from potential exposure to domestic violence in mother's relationship, as the trauma from such exposure would only serve to compound their already compromised well-being.  (See *I.J.*, *supra*, 56 Cal.4th at p. 778 [" 'Some risks may be substantial even if they carry a low degree of probability because the magnitude of the harm is potentially great' "].)

Because substantial evidence supports the juvenile court's exercise of jurisdiction under subdivision (j) of section 300, we decline to address the other statutory grounds.  (*I.J.*, *supra*, 56 Cal.4th at p. 773.)

7

**DISPOSITION**

Substantial evidence supports the challenged finding, and the orders based thereon are affirmed.

NOT TO BE PUBLISHED.


                                                    LUI, P. J.

We concur:



RICHARDSON, J.



GILBERT, J.[*]

---

[*] Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.