Filed 8/15/24  In re R.N. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.N. et al., Persons Coming Under the Juvenile Court Law. | B327581, consolidated with B332632 (Los Angeles County Super. Ct. No. 22LJJP00505A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>T. N. et al.,<br><br>        Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Debra L. Gonzales, Judge Pro Tempore. Affirmed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant T.N.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant Z.W.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Jane Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

T.N. (father) and Z.W. (mother) appeal the juvenile court's exertion of dependency jurisdiction over their three young children on the ground that it is unsupported by the record. The Los Angeles County Department of Children and Family Services (the Department) argues that the court's subsequent termination of jurisdiction renders the parents' appeals moot. Although we exercise our discretion to reach the merits of the parents' appeals, we conclude that the juvenile court's exercise of jurisdiction is supported by substantial evidence. Accordingly, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

I. **Facts**

Father and mother have three children together: R.N. (born July 2019), Z.N. (born April 2021), and T.N. (born April 2022).

In July 2020, father microwaved a bowl of water to make a soap solution to kill ants in the bedroom. He placed the bowl on a

2

low dresser in the bedroom and left to play video games. One-year-old R.N. was left alone in the room when mother went to retrieve the soap. R.N. grabbed the bowl, spilling the hot water over her left arm and torso. R.N. was airlifted to a hospital and treated for second-degree burns on 20 percent of her body.

In October 2020, R.N. was consistently showing up at daycare in soiled diapers. She also had a severe rash on her buttocks and her clothing smelled of marijuana.

In April 2022, T.N. was born premature, and tested positive for marijuana at birth. Mother said she had smoked marijuana during pregnancy to decrease nausea but planned to quit using it.

In late September 2022, while mother and father were at the store, paternal grandmother became alarmed when R.N. was "pale" and had difficulty walking. R.N. was subsequently hospitalized and tested positive for cannabinoids. Mother told the authorities that it was likely R.N. had eaten "gummies" because paternal uncle had left his backpack—which contained marijuana edibles—on the counter while visiting the home.

Mother tested positive for marijuana use in September 2022 and early 2023. She admitted smoking marijuana outside the home on a regular basis but denied daily use. Father also admitted to smoking marijuana daily in the past, but claimed he had started limiting his use to a few times a week.

II.    **Procedural Background**

A.    ***The petition***

On November 15, 2022, the Department filed a petition asking the juvenile court to exert dependency jurisdiction over R.N., Z.N., and T.N. based on the following allegations: (1) R.N.'s hospitalization in September 2022 and positive toxicology screen for marijuana while in "mother's and father's care and

supervision" places the children at risk of physical harm, thereby warranting the exercise of dependency jurisdiction under Welfare and Institutions Code section 300, subdivisions (b)(1) and (j);[1] and (2) mother and father both have a history of substance abuse and are "current abuser[s] of marijuana, which render[ ] [them] incapable of providing regular care for the children," thereby also warranting the exercise of dependency jurisdiction under section 300, subdivision (b)(1).

### B. *The jurisdictional/dispositional hearing*

On February 15, 2023, the juvenile court held the jurisdictional and dispositional hearing. After hearing argument, and after considering the Department's reports that mother and father had both tested positive for marijuana use in January 2023 (and otherwise missed some tests), the court sustained the allegations in the petition. The court found that both parents still continued to use marijuana and that the risk to the children had not been "completely abated."

The court did not remove the children from mother's and father's custody, but, among other things, ordered them to complete parent education programs and submit to random drug testing.

### C. *Appeals*

Mother and father filed timely appeals, which we consolidated.

### D. *Postappeals proceedings*

On December 11, 2023, the juvenile court terminated

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

4

dependency jurisdiction over the children without an exit order.[2]

## DISCUSSION

Mother and father argue that the juvenile court's jurisdictional findings are not supported by the record.

### I.    Mootness

As a threshold matter, the Department moved to dismiss the parents' appeals on the ground that the juvenile court's termination of jurisdiction over the children renders the appeals moot. Although the Department is correct that this appeal is moot because all restrictions placed on the family while the court exerted dependency jurisdiction are no longer in effect, we nevertheless deny the Department's motion because we have discretion to entertain the parents' challenges and elect to exercise that discretion here. (*In re D.P.* (2023) 14 Cal.5th 266, 285 ["Courts may consider whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or "'could have other consequences for [the appellant], beyond jurisdiction"'"]; *ibid.* ["A prior jurisdictional finding can be considered by the Department in determining whether to file a dependency petition or by a juvenile court in subsequent dependency proceedings"].)

### II.    Jurisdictional Findings

The juvenile court's exercise of jurisdiction in this case rests on two provisions—namely, subdivisions (b)(1) and (j) of section 300. Because subdivision (j) provides a basis for exerting

---

**2**    We previously granted mother's request to take judicial notice of the December 11, 2023 minute order, and likewise grant the Department's request to take judicial notice of the same document. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

dependency jurisdiction over a sibling who is abused or neglected (§ 300, subd. (j); *In re I.J.* (2013) 56 Cal.4th 766, 774 (*I.J.*)), the propriety of jurisdiction over Z.N. and T.N. under subdivision (j) turns on whether jurisdiction is appropriate over R.N. pursuant to subdivision (b)(1).

That provision, in turn, authorizes the assertion of dependency jurisdiction where a child "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of" the parent's "failure or inability . . . to adequately supervise or protect the child" or "inability . . . to provide regular care for the child due to the parent's . . . substance abuse."  (§ 300, subds. (b)(1)(A) & (b)(1)(D).)  Under any of these grounds, *risk* of harm means just that:  The juvenile court "need not wait until a child is seriously abused or injured to assume jurisdiction."  (*In re N.M.* (2011) 197 Cal.App.4th 159, 165; *In re Kadence P.* (2015) 241 Cal.App.4th 1376, 1383 (*Kadence P.*), overruled on other grounds in *In re N.R.* (2023) 15 Cal.5th 520, 560, fn. 18 (*N.R.*); *In re Yolanda L.* (2017) 7 Cal.App.5th 987, 993.)

We review a juvenile court's jurisdictional findings for substantial evidence, asking whether the record—when viewed as a whole and drawing all reasonable inferences in support of the court's findings—contains ""sufficient facts to support [its jurisdictional] findings."" (*I.J.*, *supra*, 56 Cal.4th at p. 773.)

Substantial evidence supports the juvenile court's jurisdictional finding that mother and father failed to adequately supervise R.N. and created an unsafe and detrimental environment for her.  Their neglect and inattentiveness resulted in R.N. being hospitalized on two occasions; first when she

suffered extensive second-degree burns, and later when she ingested marijuana-laced edibles.  This evidence also supports the court's finding that the parents' neglect posed a risk to the children moving forward.  (*In re T.V.* (2013) 217 Cal.App.4th 126, 133 [parent's past conduct is a "good predictor" of future behavior].)

Substantial evidence also supports the juvenile court's finding of substance abuse.  A substance abuse finding need not be made by a medical professional nor pursuant to the Diagnostic and Statistical Manual of Mental Disorders criteria (*N.R.*, *supra*, 15 Cal.5th at p. 531); instead, the test is whether the substance abuse "render[s] a parent . . . unable to provide regular care for a child and either cause[s] the child to suffer serious physical harm or illness or place[s] the child at substantial risk of suffering such harm or illness" (*ibid*).  Here, the parents' use of marijuana was longstanding.  Mother admitted to using marijuana ostensibly for nausea while pregnant in 2021 and 2022, but tested positive in September 2022 when R.N. ingested marijuana edibles and was hospitalized, and mother tested positive again around the time of the dispositional hearing.  Father admitted that he previously used "daily" but then only "occasionally."  Additionally, the parents did not heed the warning signs that their continued substance use put their children at risk of serious harm.  Mother used marijuana while pregnant with T.N., which placed *him* at risk of "serious harm" (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 825; *In re Troy D.* (1989) 215 Cal.App.3d 889, 899-890 [a mother's use of "dangerous drugs" biologically causes a child to ingest such drugs and, as a result, places the fetus at risk of serious physical harm]), and mother did not halt her use despite her promises to do so even after T.N. was born premature and tested

positive for marijuana at birth. Mother and father consistently either did not show up for drug tests or tested positive prior to the dispositional hearing in February 2023.

The parents respond with what boils down to four arguments.

First, mother and father argue that they did not cause R.N.'s hospitalization in September 2022 because they were not present in the home and they use marijuana "in smoking form," not edibles. But mother and father are responsible for their children's home environment, and were on notice not to be neglectful given the harm the children previously sustained, including R.N.'s serious burns sustained when they had left her unattended. And tellingly, upon learning that R.N. had consumed marijuana edibles, mother immediately blamed paternal uncle—a person *she and father* had allowed to be around the children without their supervision.

Second, the parents argue that jurisdiction based on a single incident—R.N.'s September 2022 hospitalization for consuming the edibles—was improper. But this ignores the other history of substance abuse, including mother's admitted use of marijuana while pregnant with T.N., which effectively forced T.N. to ingest that marijuana during his gestation and thereby placed him at substantial risk of serious physical harm. It also ignores the danger posed by the parents' prior conduct in leaving a pot of scalding water within R.N.'s reach, constituting yet another incident supporting the juvenile court's finding that the parents had created a dangerous home environment. Mother responds that the Department's investigations of these prior incidents were closed as "inconclusive" and therefore cannot be relied upon in evaluating the substantiality of the evidence. But

mother provides no authority for this suggested prohibition, and such a prohibition would be contrary to our duty to uphold a juvenile court's jurisdictional finding when it is based on evidence that is reasonable, credible, and of solid value (*In re Ricardo L.* (2003) 109 Cal.App.4th 552, 564); prior referrals, even if they do not result in a petition by the Department, meet that standard (cf. *Kadence P., supra*, 241 Cal.App.4th at pp. 1383-1384 [court "may consider past events in deciding whether a child currently needs the court's protection"]). Relatedly, the parents argue that the harm to R.N. from ingesting marijuana edibles was minor and not permanent, but that does not alter the *risk* of harm. Dependency law rejects any such "no harm (or, in this instance, minor harm), no foul" rule.

Third, mother and father argue that the risk of harm does not have to be "completely abated" and that the children were no longer at risk by the time of the jurisdictional hearing. This argument misunderstands the applicable law, which looks to whether the child remains at substantial risk of harm (§ 300, subd. (b)(1)) and thus turns on whether that substantial risk has been abated. This argument also ignores the facts, which support the juvenile court's finding that the risk to the children persisted because that risk is fairly inferred as being tied to the parents' marijuana use and because that use continued even after R.N. suffered injuries and even after this dependency case began.

Fourth and finally, mother argues that the juvenile court improperly relied on the "tender years" presumption. The basis for mother's assertion is that the Department emphasized the children's "young age" throughout the petition. But the court neither explicitly nor implicitly applied the "tender years" presumption, which was subsequently disapproved in *In re N.R.*,

9

*supra*, 15 Cal.5th 520.  The basis for the court's exertion of jurisdiction was evidence of "continued use" of marijuana by mother and father and continued "risk" to the children— regardless of their age.  What is more, *N.R.* held that the age of the children remains *relevant* (even if an age constituting tender years no longer creates a presumption) (*N.R.*, at pp. 531-532), so the juvenile court's mention of this relevant fact was not error under *N.R.*

## DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ