Filed 5/23/25  In re Alice Y. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ALICE Y., a Person Coming Under the Juvenile Court Law. | B341386 (Los Angeles County Super. Ct. No. 24CCJP02637) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>D.Y.,<br><br>        Defendant and Appellant. | |

APPEAL from the jurisdictional order of the Superior Court of Los Angeles County, Tiana J. Murillo, Judge.  Affirmed.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

_____

Father challenges the juvenile court's jurisdictional findings pursuant to Welfare and Institutions Code section 300, subdivision (b)(1)(A)[1] after federal agents raided then 18-day-old Alice's home and found suspected methamphetamine and mushrooms in multiple locations in the home, including residue near Alice's diaper. The court based jurisdiction on allegations of substantial risk of serious physical harm to Alice due to domestic violence between mother and father as well as father's storage of suspected drugs in the home within Alice's access. Father's sole argument on appeal is that no substantial evidence supported the court's jurisdictional findings and therefore its dispositional orders fail too.[2]

We conclude substantial evidence supported that Alice was at substantial risk of serious physical harm based on sustained allegations of domestic violence between mother and father. On appeal, father does not dispute that the domestic violence occurred, but argues the abuse predated Alice's birth, and thus

_____

[1] Undesignated statutory citations are to the Welfare and Institutions Code. Section 300, subdivision (b)(1)(A), in pertinent part, authorizes a juvenile court to assume jurisdiction over a child when there is a substantial risk the child will suffer serious physical harm as a result of "[t]he failure or inability of the child's parent or guardian to adequately supervise or protect the child."

[2] Mother is not a party to the appeal.

2

did not present a current risk of harm to Alice. Father's argument does not consider the evidence of multiple acts of domestic violence to mother and another partner and father's lack of insight into the danger his domestic violence presented to Alice. The juvenile court could infer from this record that at the time of the jurisdictional hearing, father's domestic violence presented a substantial risk of serious physical harm to Alice. Because we conclude substantial evidence supports jurisdiction based on father's domestic violence, we do not address whether father's storage of suspected drugs near Alice would supply an independent ground for dependency jurisdiction. We affirm the juvenile court's jurisdictional order.

## BACKGROUND

Alice was born in July 2024. Two days after Alice was born, an unidentified person called the Los Angeles County Department of Children and Family Services (DCFS) and reported, "[M]other and father have been involved in domestic violence incidents from September 2023 to July 2024. . . . On at least one occasion, father beat mother up and dragged her to a car." The caller heard a loud altercation 10 days earlier, which was about a week before Alice was born.

At the beginning of the dependency proceedings, father was incarcerated, and Alice was released to mother's custody. Alice remained in mother's custody throughout the proceedings. By order dated April 28, 2025, this court took judicial notice of the juvenile court's final judgment. The juvenile court's final judgment awarded mother and father joint legal custody and mother sole physical custody. The final judgment provided monitored visits for father.

3

### 1.    *Petition*

The petition as sustained alleged failure to neglect under section 300, subdivision (b)(1)(A)[3] based on father's domestic violence and his creation of a dangerous home environment caused by father's storage of suspected drugs near Alice.  The petition alleged mother and father had a history of violent altercations.  On October 1, 2023, father slammed the car door on mother's right arm and leg and pushed mother.  "The mother kicked the father's groin and the father bit the mother's arm.  The father got on top of the mother and placed his hands around the mother's neck."  The petition further alleged mother and father engaged in domestic violence on other occasions and father's violent conduct placed Alice at risk of serious physical harm.

Second, the petition as sustained alleged that on August 8, 2024, a bag of mushrooms and vial of methamphetamine were found in the home within access to Alice.  The home environment created by father endangered Alice's physical health and safety and placed her at risk of serious physical harm.

### 2.    *Detention report*

The detention report indicated that when Alice was 18 days old, FBI agents searched mother and father's home pursuant to a search warrant.  On the same day they searched the home, agents arrested father for transporting methamphetamine allegedly for the Chinese Mafia.  The FBI agents told the social worker father previously had been arrested for domestic violence with mother.  The FBI agents also told the social worker they had

---

[3]  See footnote 1, *ante*.

4

found a bag of suspected mushrooms and a vial of suspected methamphetamine in the "back room of the home." Also in the "back room," agents found numerous empty vials and baggies. Agents located a bag of suspected methamphetamine in the room father shared with mother and Alice, as well as a paper plate with white powder residue inside a nightstand where Alice's diapers were stored.

Mother told the agents she had called the police about a domestic violence incident prior to Alice's birth when father pushed her as she tried to prevent him from leaving the house. Mother believed father used drugs outside the home but had not seen drugs or paraphernalia inside the home. When agents told mother father took a trash bag containing 16 pounds of methamphetamine from mother's car, mother said she never observed anything illegal.

When interviewed by a social worker, father acknowledged a domestic violence incident with mother but described it as only a "verbal altercation" without any physical violence. Father denied transporting narcotics for distribution. Father ended the discussion when asked about a prior arrest for transporting methamphetamine.

Father was taken into federal custody and charged, among other crimes, with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. DCFS reported that in 2021, father was convicted of possession of a controlled substance and was arrested for robbery (2021), burglary (2023), and corporal injury to a spouse (2023). DCFS did not report whether these arrests resulted in convictions.

DCFS attached to the detention report an October 2023 police report documenting the incident leading to father's

domestic violence arrest. According to the police report, father and mother argued about father's smoking habits. Father wanted to leave the home, but mother would not let him. Mother grabbed onto father's clothing, tearing it. Father pushed mother into the bedroom. According to father, mother kicked him in the groin and bit his arm. According to mother, father bit her right arm and placed his hands around her neck to try to stop her from calling the police. Mother's right forearm had a bite mark and her hand was bleeding. Mother had a six-inch bruise on her right leg and redness to her neck. The officer who responded to the call determined father was the "dominant aggressor."

### 3. *Jurisdiction/disposition report*

In its jurisdictional and disposition report filed on September 25, 2024, DCFS reported that a social worker interviewed father, who acknowledged a domestic violence incident prior to Alice's birth. Father stated the criminal case against him was dismissed and the incident occurred before mother was pregnant with Alice. Father also acknowledged he had been arrested in New York for domestic violence with a different partner. Father refused to describe that incident.

With respect to the drug charges, father told the social worker he did not know the content of an unidentified package that he picked up from one person and delivered to another. Father denied transporting illegal substances. Father stated the drugs found inside his home did not belong to him. Father also said the mushrooms belonged to the prior tenant. Father admitted using Ketamine, but denied using methamphetamine. Father stated he stopped using any substances because he wanted to be a good husband and father. Father also told the social worker that he was participating in parenting classes and

6

individual counseling although the record does not include any certificates demonstrating attendance at parenting classes or individual counseling. Father admitted he was arrested in 2021 for robbery. He reported he was just the driver and did not know his friends were committing a robbery inside a home.

When interviewed by a social worker in advance of the jurisdictional hearing, mother said the October 2023 domestic violence incident was triggered by her disapproval of father's smoking habit. Initially, mother and father were outside the home and father slammed a car door "with high degree of force" causing mother "immense pain." Mother hit father, and he pushed her to the ground. After they returned home, and after mother told father she was going to call the police, he grabbed her cell phone, dragged her to the bedroom, and attempted to lock her inside the bedroom. Mother and father bit each other's arms, mother kicked father's groin, and father then hit her. After the incident, mother's entire body was bruised and she was in pain.

According to mother, on another occasion, as father was cooking, he threatened to stab mother with a knife. Mother did not recall the date of this threat.

4. ***The juvenile court sustains the allegations against father and assumes jurisdiction over Alice***

Neither mother nor father testified at the jurisdictional and dispositional hearing. Alice's counsel argued the court should sustain the failure to protect allegations based on father's domestic violence given father's minimization of that violence. With respect to the failure to protect because of suspected drugs found in the home, Alice's counsel argued father exhibited an inability to protect Alice because he should have ensured that there were no harmful substances in the home. Alice's counsel

further argued the fact that some of the methamphetamine was found near Alice's diaper suggested Alice could be exposed to it.

Father's counsel argued Alice was not at risk of physical harm from domestic violence because there were no recent incidents. According to counsel, father changed his behavior and desired to be a better father and partner to mother. Father's counsel contended that at a few weeks old, Alice had no ability to access the substances found in the family home including those near her diaper.

The court sustained the petition as to father and dismissed the petition as to mother. The court, however, struck the allegation of domestic violence occurring in front of Alice. The court concluded, "There is no information to suggest that the child was directly in harms way during this violence for many reasons, not the least of which is that the child had not yet been born." The court, however, sustained the domestic violence allegations and found indicia of an aggressor/victim relationship with father being the aggressor. The court reasoned, "[F]ather appears to minimize what occurred. . . . There does not appear to be any insight other than the parents saying that . . . dad wants to do better . . . . I'm . . . finding a current risk . . . because of the lack of insight, the evidence of a domestic violence relationship here and mom's specific statements that she loves dad and that she wants to wait for him . . . ." The court also found a current risk with respect to the danger created by father's storing suspected drugs in the home.

At the dispositional phase of the hearing, the court removed Alice from father's custody. The court ordered father to participate in a domestic violence program and test for controlled substances upon reasonable suspicion after his release from

8

custody. The court also ordered father to attend individual counseling and conjoint counseling with mother.

## DISCUSSION

On appeal, father urges us to reverse the court's jurisdictional findings for lack of substantial evidence and to reverse the resulting dispositional orders. We reject father's jurisdictional challenge, and he makes no argument as to the dispositional orders other than to contend they must be reversed if we reverse the juvenile court's jurisdictional findings.

" 'In reviewing a challenge to the sufficiency of the evidence supporting the jurisdictional findings and disposition, we determine if substantial evidence, contradicted or uncontradicted, supports them. "In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." [Citation.] "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court. [Citations.] ' "[T]he [appellate] court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence . . . such that a reasonable trier of fact could find [that the order is appropriate]." ' [Citation.]" [Citation.]' [Citation.]" (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

Section 300, subdivision (b)(1)(A) provides for dependency jurisdiction where "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness" because of "the failure or inability of the child's parent

9

or guardian to adequately supervise or protect the child." " '[D]omestic violence in the same household where children are living *is* neglect; it is a failure to protect [them] from the substantial risk of encountering the violence and suffering serious physical harm or illness from it.' [Citation.]" (*In re S.O.* (2002) 103 Cal.App.4th 453, 460–461.) The juvenile court "need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child.' [Citations.] The focus of section 300 is on averting harm to the child." (*In re T.V.* (2013) 217 Cal.App.4th 126, 133.) That a parent who had committed domestic violence is no longer living in the family home is not dispositive. (*In re Sylvia R.* (1997) 55 Cal.App.4th 559, 561–562 [spousal abuse detrimental to children in a case where the father was not living with the family when the children were detained based, inter alia, on his failure to protect, had a prior arrest for domestic violence, and had a physical altercation with the mother a few months before the 18-month review ].)

Substantial evidence supported the juvenile court's finding that mother and father engaged in domestic violence and father's violent conduct placed Alice at substantial risk of serious physical harm. Father repeatedly was violent with mother and with a prior partner and was arrested twice for domestic violence. An unidentified caller reported incidents spanning a 10-month period, including the time shortly before Alice's birth. Although at the time of the jurisdictional hearing, father could not commit domestic violence in the home while he was incarcerated, there was no evidence that father had reformed his behavior such that upon his release, Alice would not encounter violence between him and mother.

10

Inconsistent with our standard of review, father does not consider all the evidence and fails to view the evidence in the light most favorable to the juvenile court's order. Father argues there was only "one isolated incident of domestic violence" and "no recurring domestic violence." In contrast, the record shows multiple incidents, including two that led to father's arrest. Father admitted he was arrested for domestic violence in New York, and also was arrested in October 2023 following a domestic violence incident with mother. An unidentified caller reported repeated abuse, including father dragging mother to a car.

We agree with father that the violence occurred before Alice was born. We disagree with father that the juvenile court sustained an allegation of domestic violence occurring in Alice's presence. To the contrary, the court found Alice had not been born at the time the violence occurred and struck the allegation that the violence was in Alice's presence. The juvenile court, however, also found the fact the violence did not occur since Alice's birth 18 days before the FBI search does not support the inference that father had changed his attitude towards domestic violence or taken other steps to prevent its recurrence.[4]

Because we conclude that substantial evidence supported jurisdiction based on father's domestic violence, we do not address father's argument that there was no substantial evidence supporting the allegation Alice was at substantial risk of suffering serious physical harm because of mushrooms and

---

[4] Father did not self report that he attended domestic violence classes and there is nothing in the record demonstrating he had done so. Significantly, his counsel did not argue father had participated in domestic violence classes even though counsel argued father had reformed.

methamphetamine accessible to her in the family home. (*In re I.J.*, *supra*, 56 Cal.4th at pp. 773–774 [" 'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence.' "].)

## DISPOSITION

The juvenile court's jurisdictional order is affirmed. <u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.