Filed 3/23/26  In re Aiden T. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re AIDEN T., <br><br> a Person Coming Under the Juvenile Court Law. | B344650 <br><br> (Los Angeles County <br> Super. Ct. No. 24CJJP03919) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> F.T., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charles Q. Clay, Judge.  Affirmed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Eden Gharapet, Deputy County Counsel, for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION

F.T. (Mother) appeals from the juvenile court's assertion of jurisdiction over her son Aiden T. (born 2009) and the resulting dispositional orders.  Aiden's father has passed away and is not a party to this case.  As Mother's appeal raises only factual issues determined by the substantial evidence rule, we decide it by memorandum opinion pursuant to California Standard of Judicial Administration, section 8.1(3).

Aiden has special needs that include autism.  On December 16, 2024, the Los Angeles County Department of Children and Family Services (DCFS) filed a Welfare and Institutions Code[1] section 300 petition concerning Aiden alleging a single count of neglect by Mother pursuant to section 300, subdivision (b)(1)(A).  Counsel for Aiden urged the juvenile court to sustain the petition with amendments.  Counsel for DCFS asked the court to sustain the petition as pleaded but stated she did not object to the amendments offered by minor's counsel.  Mother's counsel argued the court should dismiss the petition entirely.

_____

[1] Unspecified statutory references are to the Welfare and Institutions Code.

2

On February 10, 2025, the juvenile court sustained an interlineated petition as follows:  Mother "has limited ability to provide appropriate parental care and supervision of the child due to the child's special needs.  On [November 25, 20]24, the child was hospitalized due to being a danger to self.  The child has special needs, and the mother failed to obtain the services recommended for the child by the [R]egional [C]enter professional.  The mother has not provided appropriate care and supervision for the child.  The child is left alone without appropriate supervision and has been locked out of the home.  The mother's limited ability to provide appropriate parental care and supervision of the child endangers the child's physical health and safety and places the child at risk of serious physical harm and damage."

Mother argues substantial evidence does not support this finding.  She claims that despite his diagnosis with autism spectrum disorder, Aiden is a high-functioning teenager who could look after himself when Mother was absent, that Mother provided adequate care, and that she never placed Aiden at substantial risk of serious physical harm.  In support of her contentions, she relies primarily on her own version of events and selected record facts that support that version.

Mother's narrative was not the only one before the juvenile court, and the court was entitled to credit contrary evidence including from Aiden himself.  " 'It is the [trial] court's role to assess the credibility of the various witnesses, to weigh the evidence to resolve the conflicts in the evidence.' " (*In re Mickel O.* (2011) 197 Cal.App.4th 586, 615.)  As an appellate court, " '[w]e do not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts.  [Citation.]  The

3

judgment will be upheld if it is supported by substantial evidence, even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence.' " (*In re Travis C.* (2017) 13 Cal.App.5th 1219, 1225.)

Applying that test, we uphold the court's assertion of jurisdiction over Aiden. Substantial record evidence shows the following. Aiden was hospitalized in October 2024 and discharged in December 2024. The hospitalization started after a psychiatric hold resulting from Aiden physically attacking Mother; Aiden claimed he acted in self-defense after Mother attacked him. Prior to this hospitalization, Aiden had a history of self-harm as well as aggression and impulsiveness. When first hospitalized, Aiden was severely underweight with a body mass index in the first percentile. His diagnoses included autism with mild intellectual disability, speech delay, selective mutism, and obsessive-compulsive disorder. While in the hospital and away from Mother, Aiden was calm and cooperative with no evidence of aggression. He gained weight, and his body mass index improved to the 10th percentile. When Aiden was discharged, a hospital psychiatrist reached out to DCFS with concerns for Aiden's physical safety given that the minor was returning to Mother's care.

The Regional Center agreed to provide services to Aiden, but Mother failed to approve the offered care. When making its jurisdictional findings, the court remarked in particular on comments from the Regional Center coordinator for Aiden; the court stated that based on the coordinator's comments Mother "does not seem to be fully aware of Aiden's special needs and of the things that can be done to assist him," and that Mother had

failed to follow through on services "that can alleviate some of Aiden's issues and be of benefit to him." Relatedly, Aiden's school told Mother his Individual Education Plan needed reevaluation; Mother failed on multiple occasions to come to the school to play her necessary part in that reevaluation.

Aiden reported to DCFS that Mother locked him out of the home and/or left him unattended for significant periods, left him without food or adequate money for food, and withheld food when she was mad at him. Other evidence showed that Mother had the financial ability to provide adequate nutrition but failed to do so.

All of this was substantial evidence that, as of the time of the jurisdictional hearing, Aiden had suffered and there was a substantial risk that he would continue to suffer serious physical harm as a result of Mother's failure or inability to adequately supervise or protect him. (§ 300, subd. (b)(1)(A).) As evidenced by his malnutrition, Aiden suffered actual physical harm due to Mother's actions. Although Aiden had not yet suffered other serious physical harm from Mother's failure or inability to supervise him, " '[t]he court need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child.' " (*In re I.J.* (2013) 56 Cal.4th 766, 773.) To her credit, Mother began to participate in services around the time of the jurisdiction hearing. But those 11th-hour developments did not mean Aiden was no longer at substantial risk of serious harm. Mother pushed back on taking responsibility for Aiden's medication, continued to believe Aiden could spend substantial time unsupervised and get himself to school and therapy, and dismissed concerns about Aiden's malnutrition.

5

We reject Mother's claim that the petition's failure to state its allegations were also based on section 300, subdivision (b)(1)(C) [willful or negligent failure to provide adequate food or medical treatment] meant Mother's failure to provide Aiden with adequate food or medical treatment was not at issue. Mother's failure to provide those necessities constituted an independent basis for jurisdiction under section 300, subdivision (b)(1)(A) [failure or inability to adequately supervise or protect]. Nor did the petition's failure to mention section 300, subdivision (b)(1)(C) mean that Mother lacked notice of the allegations against her. "There is no requirement . . . that [DCFS] 'regurgitate the contents of the social worker's report into a petition.' " (*In re T.V.* (2013) 217 Cal.App.4th 126, 131.) Rather, section 300 " 'merely requires the pleading of essential facts' " sufficient to "enable[] the parties to properly meet the charges." (*Ibid*.) With regard to medical treatment, the petition explicitly alleged that Mother failed to obtain the services recommended for Aiden by the Regional Center. The petition also explicitly alleged that Mother left Aiden alone and without appropriate supervision and had locked him out of the home. Part of the alleged harm that occurred from Mother doing so was Aiden not having enough food to eat, and Mother knew that contention. Without prompting by the court or other counsel, Mother's counsel began the jurisdiction/disposition hearing by arguing that the court should dismiss the petition in part because there was evidence that Mother provided Aiden with adequate food.

As substantial record evidence supports the sustained allegations of the petition, the juvenile court did not err in asserting jurisdiction. We likewise reject Mother's argument that we must reverse the court's dispositional orders. Mother's

challenge to these orders hinges entirely on her challenge to the jurisdictional findings.  Because we affirm the jurisdictional findings, we necessarily reject this basis for reversing the dispositional orders.

## DISPOSITION

The juvenile court's jurisdictional and dispositional orders are affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.

7